[No. B159278. Second Dist., Div. Six. May 5, 2003.]

LARRY HAYWARD, Plaintiff and Respondent, v.
VENTURA VOLVO, Defendant and Appellant.

### COUNSEL

Pollard Archer Cranert Googooian & Stevens, Michele M. Lambre and James H. Lehr for Defendant and Appellant.

Lawrence C. Noble for Plaintiff and Respondent.

### OPINION

**GILBERT, P. J.**—Plaintiff bought a car that does not work. He retained a lawyer on a contingency fee to bring an action under the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.).[1] He prevailed and the court awarded reasonable attorney's fees under the act. Here we hold that the court is not limited in awarding fees to those incurred by plaintiff under the contingency fee contract. We affirm.

---

[1]All statutory references are to the Civil Code.

## FACTS

Larry Hayward sued Lars Lundgren Enterprises, Inc., doing business as Ventura Volvo (hereafter Ventura Volvo). Hayward alleged that he purchased a used car from Ventura Volvo along with an extended warranty. When the engine needed replacement, Ventura Volvo refused to honor the warranty.

A jury awarded Hayward $14,812 compensatory damages and a $29,624 civil penalty against Ventura Volvo for its willful violation of the warranty. (§ 1794, subd. (c).)

Hayward moved for an award of attorney's fees pursuant to section 1780, subdivision (d). He requested $103,419 as the reasonable value of his attorney's services. Ventura Volvo objected that the award is limited to the fees actually incurred by plaintiff under the contingency fee contract.

The contract between Hayward and his attorney called for no fee beyond the $2,000 retainer if there is no recovery. If there is a recovery, the contract stated that the attorney would be paid "all attorney's fees paid by Defendant plus forty percent (40%) of any civil penalty awarded or offered." Ventura Volvo asserted that Hayward's fee award was limited to $12,000, approximately 40 percent of the $29,624 civil penalty.

The trial court rejected Ventura Volvo's argument and awarded Hayward reasonable attorney's fees of $98,000.

## DISCUSSION

Ventura Volvo does not challenge the reasonableness of the amount of attorney's fees awarded. It contends only that section 1780, subdivision (d) limits the fee award to those incurred by plaintiff pursuant to agreement with his attorney.

Section 1780, subdivision (d) provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith."

Ventura Volvo's argument rests on the omission of the word "reasonable" from the statute's provision for fees awarded to a prevailing plaintiff. Ventura Volvo contrasts the first sentence of section 1780, subdivision (d)

mandating an attorney's fee award to a prevailing plaintiff, with the second sentence granting discretion to award "[r]easonable attorney's fees" to a prevailing defendant.

In construing a statute we look first to its language, giving it its usual and ordinary meaning. (*Allen v. Sully-Miller Contracting Co.* (2002) 28 Cal.4th 222, 227 [120 Cal.Rptr.2d 795, 47 P.3d 639].) If the language is ambiguous, we may resort to extrinsic sources such as the objects to be achieved and legislative history. (*Ibid.*) We choose the construction that comports most closely with the apparent intent of the Legislature, with a view toward promoting the general purpose of the statute. (*Ibid.*)

Here section 1760 aids us in construing section 1780. Section 1760 provides: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

Ventura Volvo admits that it has no legislative history to support its interpretation. Nor does it suggest any policy to explain why the Legislature would intend to limit the traditional exercise of the trial court's discretion in setting the amount of fees.

The legislative policy to allow prevailing plaintiffs reasonable attorney's fees is clear. Section 1780 provides remedies for consumers who have been victims of unfair or deceptive business practices. (*Id.*, subd. (a); see also § 1770.) The provision for recovery of attorney's fees allows consumers to pursue remedies in cases as here, where the compensatory damages are relatively modest. To limit the fee award to an amount less than that reasonably incurred in prosecuting such a case, would impede the legislative purpose underlying section 1780.

Moreover, Hayward's attorney agreed to accept in part "all attorney's fees paid by Defendant[.]" Under Ventura Volvo's theory, because the plaintiff never incurs liability for such fees, the trial court can award none. The practical effect of this interpretation prevents plaintiff's attorneys from agreeing to accept as compensation whatever the court might award. That would clearly not be in the best interest of consumers who are the victims of unfair or deceptive practices.

It is true that as a general rule where one part of a statute contains a term, the omission of that term from another part of the statute indicates that the Legislature intended a different meaning. (*Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc.* (2000) 82 Cal.App.4th 648,

657 [98 Cal.Rptr.2d 378].) But the general rule must yield to the express direction of the Legislature. Here section 1760 expressly directs us to liberally construe section 1780 to protect consumers and to provide economical procedures to secure such protection. To do that, we must construe the statute as allowing prevailing consumers reasonable attorney's fees.

Nothing in the plain language of section 1780, subdivision (d) compels us to adopt Ventura Volvo's interpretation. To the contrary, clear legislative policy compels an interpretation requiring the trial court to award reasonable fees to the prevailing plaintiff. Although the trial court can consider a contingency fee agreement in determining what is reasonable, it is not bound by the terms of the agreement. (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096 [95 Cal.Rptr.2d 198, 997 P.2d 511].)

The judgment (order) is affirmed. Costs on appeal are awarded to respondent.

Yegan, J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 30, 2003. George, C. J., and Brown, J., did not participate therein.