[No. A058421. First Dist., Div. Three. Dec. 27, 1994.]

PAM NIGHTINGALE, Plaintiff and Respondent, v.
HYUNDAI MOTOR AMERICA, Defendant and Appellant.

## COUNSEL

Dryden, Margoles, Schimaneck, Hartman, Kelly & Jacobs and Frank P. Kelly III for Defendant and Appellant.

Heller, Ehrman, White & McAuliffe, Raymond C. Fisher, Wayne Stephen Braveman and Jesus Bernal as Amici Curiae on behalf of Defendant and Appellant.

Daneen C. Flynn and Bryce C. Anderson for Plaintiff and Respondent.

Clarkson & Boatman and Philip R. Clarkson as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**MERRILL, J.**—Hyundai Motor America (Hyundai) appeals from the part of the judgment awarding respondent Pam Nightingale attorney fees of $113,853 under the Song-Beverly Consumer Warranty Act, otherwise known as the automobile "lemon law." (Civ. Code, § 1790 et seq.)[1] We modify that part of the judgment to provide for an award of attorney fees in a lesser amount.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

We set forth the facts to the extent necessary for a determination of the issues on appeal. Pam Nightingale purchased a 1986 Hyundai from Val Strough Management, Ltd. (Val Strough), for a total purchase price of $8,105.55. The car was delivered on April 17, 1986, and Nightingale began experiencing problems the same day when smoke began "billowing" out from under the vehicle. She brought the car back to Val Strough the following day, and was told the problem was "only an oil seal."

[1]All further statutory references are to the Civil Code.

Nightingale picked up the car on April 24. She discovered that the car would not shift into fifth gear and did not have enough power to accelerate and merge onto the freeway or climb a hill when the car was carrying four people. On April 30, she returned the vehicle to the dealer and informed the general manager of the lack of power as well as the fact that the car was overheating. The car was returned to her, but it continued to have problems with the transmission and lack of power, as well as other mechanical difficulties. Over the course of approximately the next 11 months Nightingale brought the car into the dealership 6 more times but the problems remained unresolved. Though she requested a new car, the dealer refused to exchange her car.

In October 1987 Nightingale filed the underlying action. Following a six-day jury trial in 1992, the jury found that Hyundai breached both its express and implied warranties and awarded Nightingale compensatory damages of $12,088. The jury also determined that Hyundai's conduct was willful, and awarded her an additional $24,176, the maximum allowable amount of statutory penalties pursuant to section 1794, subdivision (c).[2] Judgment was entered in favor of Nightingale for $6,264 after her jury award was offset by $30,000, the amount she received prior to trial in a settlement with Val Strough. Following trial, Nightingale was awarded attorney fees and costs pursuant to section 1794, subdivision (d).

## II.

### DISCUSSION

Hyundai contends that the award of attorney fees in the amount of $113,853 was erroneous for two reasons. First, Hyundai argues that the billing statements of Nightingale's attorney, Daneen Flynn, demonstrate that the court had no reasonable basis on which to determine that the hours for which Flynn billed were " 'actual time expended' and 'reasonably incurred by the buyer . . . .' " Second, Hyundai urges that the hourly rate claimed by Flynn was not the rate paid nor to be paid by Nightingale, and, thus, attorney fees based on this rate were not incurred by Nightingale.

*Attorney's Billing Statements*

■ Appellant maintains that the billing statements submitted by Flynn to the trial court in connection with the motion for attorney fees "are classic

---

[2]Section 1794, subdivision (c), provides in part: "If the buyer establishes that the failure to comply was willful, the judgment may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed two times the amount of actual damages."

'block billings' which make it impossible to accurately assess whether the claimed time was actually expended on the commencement and prosecution of this action."

Flynn submitted her declaration and monthly billing statements to the court in support of the motion for attorney fees. While the billing statements do not break down the time spent on each task performed, the time slips which were also submitted to the court do provide this information. Even if the time slips had not been before the court, certainly the trial court is in a position to determine whether the tasks described in each month's statement reasonably required the total amount of time billed each month. The court addressed this, stating that "I don't find a bit of work that was redundant, padding, or you may have gone at it more—you may have not gone at it efficiently. I didn't find any lack of efficiency here." Hyundai has failed to demonstrate any abuse of discretion in the trial court's determination of the actual time expended by Nightingale's counsel and that the time expended was reasonable.

*Attorney's Hourly Rate*

Hyundai next urges that the court erred in calculating an award of attorney fees based on an hourly rate greater than $120 per hour. Nightingale and her attorney entered into a fee agreement in 1987 under which the hourly rate for attorney fees was $120, with a provision for increases in the hourly rate over time. Attorney Flynn stated in her declaration, however, that even though her hourly rate increased each year, from $120 per hour in 1987 to $210 per hour in 1992, she did not pass this increase along to Nightingale. She stated that her hourly rates were increased to $150 per hour in 1988-1989, $165 per hour in 1990, $180 per hour in 1991, and $210 per hour in 1992, but that she continued to bill Nightingale at the rate of $120 per hour. The trial court, however, granted Nightingale's application for attorney fees based on the increased hourly rates.

Appellant maintains that the language of the statute provides that the fees must be "incurred" by the buyer. Appellant reasons that in this case if the buyer is neither being billed for nor under any obligation to pay for her attorney's services at the higher hourly rates, the increased amounts of fees have not been incurred. We agree.

Section 1794, subdivision (d), provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the

court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable attorney fees." The statute we are dealing with takes a somewhat different approach. ▆ It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" (*Levy* v. *Toyota Motor Sales, U.S.A., Inc.* (1992) 4 Cal.App.4th 807, 816 [5 Cal.Rptr.2d 770].)

▆ The plain language of the statute allows only for the recovery of attorney fees which have been "reasonably incurred by the buyer." "The word 'incurred' when used in connection with bills or expenses, means to become liable for, . . . to have liability thrust upon one by act or operation of law." (*County of Kings* v. *Scott* (1961) 190 Cal.App.2d 218, 224 [11 Cal.Rptr. 893].) Here, the buyer admittedly was being billed for and was liable for attorney fees only at the hourly rate of $120 per hour.[3] Thus, for the 630.4 hours of actual time expended by her attorney, Nightingale was only obligated for fees in the amount of $75,648.[4] She was billed for these fees, and paid $64,563.47 in attorney fees and costs.[5] Therefore, in the instant case, the portion of the award of attorney fees resulting from higher

---

[3]Nightingale's attorney stated in her declaration that "I continued to provide legal services to [Nightingale] in this matter during the entire 5-year period at the 1987 rate of $120 per hour in recognition of the fact that [Nightingale] could not be expected to shoulder alone the sizeable financial burden of litigating this breach of warranty action against the two corporate defendants which were vigorously resisting [Nightingale's] claims and in further recognition of [Nightingale's] conscientiousness in paying the bills I sent her."

[4]We need not reach the issue of reasonableness of the $120 hourly rate, because Hyundai only challenges the increased hourly rates.

[5]Attorney fees may be incurred by a buyer even though the fees have not been paid.

hourly rates than the buyer was obligated to pay was not incurred within the meaning of the statute and may not be recovered.[6]

## III.

### DISPOSITION

The part of the judgment awarding Nightingale attorney fees and costs in the amount of $117,097.22, which included attorney fees of $113,853 and costs other than attorney fees of $3,244.72, is modified to provide as follows: Plaintiff Pam Nightingale shall recover from defendant Hyundai Motor America attorney fees in the amount of $75,648 and costs other than attorney fees in the amount of $3,244.72. In all other respects the judgment is affirmed.

The parties shall bear their own costs on appeal.

White, P. J., and Chin, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 19, 1995.

---

[6]It should be noted, unlike the case at bench, there may be situations in which there is a contingent fee agreement or an absence of any specific fee agreement or arrangement. In those situations, for purposes of section 1794, subdivision (d), a prevailing buyer represented by counsel is entitled to an award of reasonable attorney fees for time reasonably expended by his or her attorney.