**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAMIKON KARAPETIAN, | No. 10-56917 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00227-CJC-RNB |
| v. | |
| KIA MOTORS AMERICA, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 8, 2013
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

Plaintiff Mamikon Karapetian appeals the district court's partial grant of his

motion for attorneys' fees and costs as the prevailing party under the Song-Beverly

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Consumer Warranty Act, Cal. Civ. Code. § 1790 et seq., after the parties settled Karapetian's claims against the defendant, Kia Motors America ("KMA").[1]

KMA argues that we do not have jurisdiction over Karapetian's appeal because, after the district court's ruling on his motion for attorneys' fees, Karapetian and KMA jointly stipulated to dismissal of the action with prejudice, which the district court granted. It is well-established that a plaintiff cannot "appeal from a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995); *see also Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986). Therefore, we do not have jurisdiction to review the order dismissing the action pursuant to the parties' joint stipulation.

However, Karapetian's notice of appeal also designates the district court's order granting in part his motion for attorneys' fees. The district court granted Karapetian attorneys' fees pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794(d), which allows courts to award attorneys' fees following voluntary dismissal, without regard to whether a judgment is formally entered. *See Wohlgemuth v. Caterpillar Inc.*, 144 Cal.Rptr.3d 545, 553-54 (Cal. Ct. App. 2012) ("[W]e hold that the pretrial dismissal with prejudice pursuant to the compromise

_____

[1] Appellant's motion to submit without oral argument is denied as moot.

agreement was sufficient for purposes of section 1794(d) to allow an award of attorney fees and costs."). An award of attorneys' fees pursuant to a statute is generally separately appealable from the judgment on the merits. *See Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011) ("[A]n order on attorneys' fees is collateral to, and separately appealable from, the judgment."); *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009) ("An award of attorney fees raises legal issues collateral to and separately appealable from the decision on the merits." (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) and *White v. N.H. Dep't of Employment Sec.,* 455 U.S. 445, 451-52 (1982))). We therefore have jurisdiction to review the district court's order granting in part Karapetian's motion for attorneys' fees.

"We generally review fee awards for an abuse of discretion. We review de novo, however, any elements of legal analysis and statutory interpretation which figure in the district court's award." *Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (citation omitted) (internal quotation marks omitted). "A district court abuses its discretion when it awards fees based on an inaccurate view of the law or a clearly erroneous finding of fact." *Benton v. Oregon Student Assistance Comm'n,* 421 F.3d 901, 904 (9th Cir. 2005) (internal quotation marks omitted).

The district court limited Karapetian's attorneys' fees and costs to those incurred before KMA made a settlement offer in November 2008. The basis for the district court's attorneys' fee determination was its conclusion that Karapetian's monetary recovery under the 2008 offer would have been "substantially the same" as his recovery under the 2010 settlement. With that finding, the court concluded that he could not demonstrate that his attorneys' fees after the 2008 offer were "reasonably incurred."

We hold that the district court clearly erred in finding that Karapetian's recovery would have been "substantially the same" under the 2008 offer. Karapetian eventually recovered $14,000 dollars in additional incidental damages—above and beyond the initial incidental damages offered by KMA under the 2010 agreement—as part of a compromise reached by the parties *after* the written 2010 settlement was filed with the court.

We are not persuaded by KMA's suggestion that Karapetian would have recovered this amount under the 2008 settlement offer. Nothing in the 2008 offer suggests that KMA would have paid $14,000 in incidental damages. Compared to his total recovery, $30,038.74, the additional $14,000 Karapetian recovered under the 2010 settlement is substantial.

We conclude that the district court's finding that Karapetian's recovery under the 2008 offer would have been "substantially the same" was clearly erroneous.  To the extent that the district court's decision to limit Karapetian's recovery to fees incurred before the 2008 offer was based on this finding, it was error.  We remand to the district court to calculate an appropriate award of attorneys' fees consistent with Cal. Civ. Code § 1794(d) and this disposition.

REVERSED and REMANDED.