Mamikon **KARAPETIAN**, Plaintiff,

v.

**KIA MOTORS AMERICA, INC.,** Defendant.

**Case No. SACV 08–00227–CJC (RNBx).**

United States District Court, C.D. California, Southern Division.

Dec. 22, 2013.

Lucy Kasparian, California Lemon Law Center Glendale, CA, Martin W. Anderson, Santa Ana, CA, for plaintiff.

Anthony E. Sonnett, and Jocelyn A. Julian, Lewis, Brisbois, Bisgaard & Smith, LLP, Los Angeles, CA, for defendant.

ORDER GRANTING IN PART PLAINTIFF'S MOTION ON REMAND FOR AN ORDER REIMBURSING PLAINTIFF'S ATTORNEY FEES, COURT COSTS, AND LITIGATION EXPENSES AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES ON APPEAL

CORMAC J. CARNEY, District Judge.

## INTRODUCTION

This is a lemon law case involving a car purchased in 2004. The case settled for approximately $16,000 in restitution for Mr. Karapetian's 2004 Kia Sedona and $16,000 in incidental damages. Plaintiff Mamikon Karapetian now seeks an award of $215,336.73 in attorneys' fees and costs as the prevailing party under the Song—Beverly Consumer Warranty Act. On November 18, 2010, 751 F.Supp.2d 1139 (C.D.Cal.2010), the Court ruled on Mr. Karapetian's first motion for attorneys' fees. (Dkt. No. 103 ["Nov. 18, 2010 Order"].) After considering the evidence and arguments of counsel, the Court concluded that the parties' February 2010 settlement was essentially the same, in relative terms, as Defendant Kia Motors America, Inc.'s ("Kia") offer pursuant to Federal Rule of Civil Procedure 68 almost a year and a half earlier and prior to the time that Mr. Karapetian's attorneys incurred the substantial majority of the fees he then requested. (See id. at 1140–41.) Because the Court found that Mr. Karapetian's continued litigation of the case following Kia's November 2008 offer was unreasonable, the Court held that Mr. Karapetian was entitled only to attorneys' fees incurred prior to that point.

In particular, the Court found that both the February 2010 settlement and Kia's November 2008 offer provided for full restitution and repurchase of Mr. Karape-

tian's vehicle. (*Id.* at 1143.) As to incidental damages, the Court found that both Kia's November 2008 offer and the February 2010 settlement permitted Mr. Karapetian to recover incidental damages according to proof. (*Id.*) Following the parties' February 2010 settlement, Mr. Karapetian offered proof of incidental damages to Kia and Kia agreed to pay him approximately $14,000 in incidental damages according to his proof. (*Id.* at 1143 n. 3.) The Court found that to the extent the $14,000 in incidental damages as of February 2010 was greater than Mr. Karapetian would have received under Kia's November 2008 offer, that was necessarily so because Mr. Karapetian refused Kia's November 2008 offer and continued to make payments on the car loan, incur interest, and suffer incidental damages during the approximately 15 months between November 2008 and February 2010. (*Id.* at 1143–44.) Of course, the amount of incidental damages according to proof as of November 2008 was never determined by the parties or the Court because Mr. Karapetian did not accept Kia's November 2008 offer.

Mr. Karapetian appealed, and the Court of Appeals for the Ninth Circuit reversed and remanded. *See Karapetian v. Kia Motors Am., Inc.*, 539 Fed.Appx. 814, 816, 2013 WL 4713914, at *2 (9th Cir.2013). The Ninth Circuit found that "[n]othing in the 2008 offer suggests that K[ia] would have paid $14,000 in incidental damages." *Id.* at 816, at *2. The Ninth Circuit did not address this Court's conclusion that any difference in the amount of incidental damages according to proof in November 2008 and the amount of incidental damages according to proof in February 2010 was a function of the continuing accrual of incidental damages over the 15 months. The Ninth Circuit further concluded that the "additional $14,000 [Mr.] Karapetian recovered under the 2010 settlement is substantial." *Id.* Based on these findings, the Ninth Circuit remanded the matter to this Court "to calculate an appropriate award of attorneys' fees" consistent with its disposition and California Civil Code section 1794(d). Separately, the Ninth Circuit transferred Mr. Karapetian's motion before it for attorneys' fees on appeal to this Court. (*See* Dkt. No. 119.) Mr. Karapetian now moves on remand for attorneys' fees and costs incurred at the District Court; in the same motion, he also seeks attorneys' fees incurred on appeal. (Dkt. No. 123.)

Having considered the parties' evidence and arguments, and in light of the Ninth Circuit's remand order, the Court concludes that Mr. Karapetian is entitled to fees for a substantial portion of the time expended by his attorneys. The Court has identified numerous billing entries, however, that were not reasonably incurred. Accordingly, Mr. Karapetian's motion for attorneys' fees and costs incurred at the District Court and for attorneys' fees incurred on appeal is GRANTED IN PART.[1]

**ANALYSIS**

■ California's Song—Beverly Consumer Warranty Act, Cal. Civ.Code § 1790 *et seq.*, provides that a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been *reasonably incurred* by the

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed.R.Civ.P. 78; Local Rule 7–

15. Accordingly, the hearing set for January 6, 2014 at 1:30 p.m. is hereby vacated and off calendar.

buyer in connection with the commencement and prosecution of such action." Cal. Civ.Code § 1794(d) (emphasis added). The inquiry is "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal.App.4th 99, 104, 37 Cal. Rptr.2d 149 (1994); *see also Doppes v. Bentley Motors, Inc.*, 174 Cal.App.4th 967, 998, 94 Cal.Rptr.3d 802 (2009). "If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court *must* take this into account and award attorney fees in a lesser amount." *Nightingale*, 31 Cal.App.4th at 104, 37 Cal.Rptr.2d 149 (emphasis added); *see also Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal.App.4th 807, 815–16, 5 Cal.Rptr.2d 770 (1992) (prevailing party not necessarily entitled to all claimed attorneys' fees).

 The prevailing buyer, Mr. Karapetian, bears the burden of demonstrating all of the following: "the [attorneys'] fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Nightingale*, 31 Cal.App.4th at 104, 37 Cal. Rptr.2d 149 (quoting *Levy*, 4 Cal.App.4th at 816, 5 Cal.Rptr.2d 770) (internal quotation marks omitted). The Court retains discretion to reduce the fee award where fees were not reasonably incurred. *See Ketchum v. Moses*, 24 Cal.4th 1122, 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001) (" '[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation."); *Gorman v. Tassajara Dev. Corp.*, 178 Cal.App.4th 44, 101, 100 Cal. Rptr.3d 152 (2009) ("A reduced [attorneys' fees] award might be fully justified by a general observation that an attorney overlitigated a case or submitted a padded bill

or that the opposing party has stated valid objections.").

In its Order of November 18, 2010, the Court concluded that the hourly rates of $425.00 and $350.00 charged by Mr. Karapetian's counsel were reasonable. (Nov. 18, 2010 Order at 1142–43.) The Court's finding that the hourly rates charged by Mr. Karapetian's counsel were reasonable remains unchanged. Nevertheless, Mr. Karapetian still bears the burden of demonstrating that "fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Nightingale*, 31 Cal. App.4th at 104, 37 Cal.Rptr.2d 149 (quoting *Levy*, 4 Cal.App.4th at 816, 5 Cal. Rptr.2d 770) (internal quotation marks omitted).

After reviewing the billing records submitted by Mr. Karapetian, as well as Kia's objections and Mr. Karapetian's responses thereto, the Court concludes that Mr. Karapetian is entitled to the fees that he requests, except as follows:

 First, Mr. Karapetian has not met his burden of proof with respect to entries that prospectively estimate time to be spent on particular activities. For example, one entry seeks one hour of fees for "ESTIMATE—Receive Payment of award on fee motion." (Dkt. No. 84 [Kia's Mem. of P. & A. in Opp'n to Pl.'s Mot. for Att'y Fees ("Def.'s Opp'n")] Ex. P ["Disputed Billing Entries"] at 5.) The Court fails to understand how it could take one hour to carry out the administrative task of receiving a payment. Even if it were possible for the task to take an hour, this task undoubtedly took place more than three years ago. Thus, there is no reason why Mr. Karapetian cannot submit evidence of the amount of hours actually worked by his lawyers. Similarly, another entry seeks 5.0 hours for an estimated "Time for Completion of Case." (*See id.* at 19; Dkt.

No. 90 [Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Att'y Fees ("Pl.'s Reply") ], Decl. of Lucy Kasparian ["Kasparian Reply Decl."] ¶ 16 ("The remaining 5.0 hours in that entry is my estimate for the time it will take to complete the case.").) Again, there is no reason why this estimate as of June 2010 cannot be updated and replaced with evidence of time actually incurred. With respect to such estimates, the Court cannot determine whether such work was actually performed, let alone whether the work was "reasonably necessary to the conduct of the litigation." *Nightingale*, 31 Cal.App.4th at 104, 37 Cal.Rptr.2d 149. The Court therefore deducts 1.0 hours of work performed by Mr. Anderson (a $425.00 reduction) and 5.0 hours of work performed by Ms. Kasparian (a $1,750.00 reduction).

■ Second, the Court agrees with Kia that Mr. Karapetian's counsel spent an unreasonable amount of time attending vehicle inspections and drafting notes regarding the inspections—a total of 15.42 hours, for a bill of $5,397. (*See* Disputed Billing Entries at 11–12.) Given the amount at stake in this case—where approximately $16,000 was ultimately paid in restitution for Mr. Karapetian's 2004 Kia Sedona—the Court finds that billing 15.42 hours at a $350 hourly rate for attending three vehicle inspections and taking notes is grossly excessive. Even setting aside the amount at stake in this case, the Court finds that it is unreasonable for an attorney to be present at three separate inspections totaling over 15 hours. (*See* Dkt. No. 84–1 [Decl. of Anthony E. Sonnett in Supp. of Def.'s Opp'n to Pl.'s Mot. for Att'y Fees ("Sonnett Decl.") ] ¶ 22 (noting that Kia "inspected the subject vehicle one time, on May 12, 2009").) The Court is troubled in particular by the May 12, 2009 entry, which indicates that Mr. Karapetian seeks reimbursement not only for time spent attending a third inspection, but for time spent "driv[ing] client to work at commerce" and then "driv[ing] back to Vehicle Inspection." (Disputed Billing Entries at 12.) An attorney's time spent driving a client to work is unquestionably not necessary to the conduct of the litigation. The Court would deduct such time, but the Court is unable to determine how much time to deduct because the task is included as part of a 6.42–hour block-billed entry that includes time for calling the client regarding the unavailability of a rental vehicle, time for driving the client to work, time for returning to the vehicle inspection, time for attending the vehicle inspection, and time for drafting notes regarding the vehicle inspection. (*See id.*) In any event, the Court finds that Mr. Karapetian has not met his burden of showing that the time billed for the second and third inspections was reasonably incurred. The Court therefore deducts 6.33 hours for the March 20, 2009 inspection attended by Ms. Kasparian (a $2,215.50 reduction) and 6.42 hours for the May 12, 2009 inspection attended by Ms. Kasparian (a $2,247 reduction).

■ Third, the Court finds that certain fees incurred by Mr. Karapetian's counsel in connection with opposing Kia's motion to modify the scheduling order to reopen discovery were not reasonably incurred. In considering Kia's motion, the Court found that the motion was made necessary by Mr. Anderson's misleading response to a letter sent by Kia's attorney. (*See* Dkt. No. 65 ["Jan. 22, 2009 Order"].) In light of Mr. Anderson's gamesmanship, the Court found good cause to modify the scheduling order. For the same reasons, the Court finds that Mr. Karapetian's counsel's opposition to Kia's motion to modify the scheduling order was unreasonable. Mr. Karapetian contends in response that the Court also faulted Kia's

counsel for waiting until the last month to conduct important discovery. But whether Kia's counsel delayed in seeking discovery does not excuse Mr. Anderson's unreasonable conduct. Thus, Mr. Karapetian has not met his burden to show that the fees requested for work opposing Kia's motion to modify the scheduling order were incurred reasonably. The Court therefore deducts 5.6 hours spent by Mr. Anderson (a $2,380.00 reduction) and 1.17 hours spent by Ms. Kasparian (a $409.50 reduction) in connection with opposing Kia's motion to modify the scheduling order. (*See* Def.'s Opp'n at 19.)

■ Finally, the Court finds that 0.67 hours spent in connection with an *ex parte* application for an order setting an evidentiary hearing before Judge David O. Carter was not reasonably necessary to the conduct of the litigation. (*See* Disputed Billing Entries at 7 (10/23/08 entry for 0.42 hours and 10/28/08 entry for 0.25 hours).) The Court denied the application, finding that it had no authority to set an evidentiary hearing before another judge. (*See* Dkt. No. 14 ["Oct. 28, 2008 Order"].) The Court thus deducts 0.67 hours spent by Ms. Kasparian on the *ex parte* application seeking an evidentiary hearing before another judge (a $234.50 reduction). (*See* Def.'s Opp'n at 21; Sonnett Decl. ¶ 25.)

With respect to all remaining time entries, the Court finds that Mr. Karapetian has met his burden. Accordingly, Mr. Karapetian is entitled to the $127,461.73 of fees requested in his motion, less $9,661.50 of fees that the Court finds were not reasonably incurred. The Court therefore sets Mr. Karapetian's fee award at $117,800.23.

■ Mr. Karapetian also moves for his attorneys' fees on appeal before the Ninth Circuit. Mr. Karapetian's attorney spent 0.75 hours in interviews and conferences; 3.5 hours obtaining and reviewing records;

120.7 hours drafting the appellate opening, reply, and supplemental briefs; 10.25 hours preparing for and attending oral argument; and 49.8 hours carrying out a number of other tasks, including opposing a motion to dismiss the appeal filed by Kia, reviewing Kia's petition for rehearing, and preparing his request for attorneys' fees on appeal. The Court also notes that Mr. Karapetian's fees on appeal were to some degree the natural result of Kia's own motion to dismiss the appeal, petition for rehearing, and numerous requests for extensions of time to file appellate briefs. After considering the individual billing entries, and Kia's objections in response thereto, the Court finds that Mr. Karapetian has met his burden with respect to the fees requested in the amount of $87,875.00.

As required by the Ninth Circuit's remand order, the Court therefore awards Mr. Karapetian a total of $205,675.23 in attorneys' fees and costs. The parties should be under no misimpression, however, that the Court finds this result to be fair or just. It is not. Mr. Karapetian's counsel took a case about a 2004 Kia Sedona and is now being paid enough fees to buy a Lamborghini. Mr. Karapetian filed suit in federal court in February 2008 alleging defects that caused the check engine light to illuminate. Eight months later, Kia made an eminently reasonable offer of settlement—full restitution for the vehicle and incidental damages according to proof. The only reason the amount of incidental damages was not then determined—and therefore the reason why Mr. Karapetian's attorneys incurred an additional $180,000 or more in attorneys' fees—was Mr. Karapetian's own refusal to accept Kia's 2008 offer. Allowing a plaintiff in a lemon law case to multiply the proceedings based on its own refusal to settle cannot have been the state legislature's intent. It is not good for business,

it is not good for consumers, it is only good for the lawyers.

## CONCLUSION

For the foregoing reasons, Mr. Karapetian's motion on remand for attorneys' fees and costs incurred at the District Court and for attorneys' fees on appeal is GRANTED IN PART. The Court awards Mr. Karapetian $117,800.23 in attorneys' fees, court costs, and litigation expenses in connection with the proceedings before this Court. The Court further awards Mr. Karapetian $87,875.00 for fees incurred on appeal.