Filed 12/8/23  Jacobs v. American Honda Motor Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN JACOBS,<br><br>　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>AMERICAN HONDA MOTOR CO., INC.<br><br>　　Defendant and Respondent. | G062739<br><br>(Super. Ct. No. MCC1900440)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, Angel M. Bermudez, Judge.  Affirmed.

Law Offices of Jim O. Whitworth and Jim O. Whitworth, for Plaintiff and Appellant.

Nelson, Mullins, Riley & Scarborough, Michael J. Hurvitz, Ariel N. Redfern and Ian Schuler for Defendant and Respondent.

A prevailing buyer under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) (Song-Beverly Act) is entitled to recover attorney fees for time actually expended and reasonably incurred on the case. (Civ. Code § 1794, subd. (d).) Here, Brian Jacobs, the prevailing buyer, sought attorney fees, including paralegal fees, of more than $300,000. The trial court concluded a substantial portion of the claimed fees were not actually spent or reasonably incurred and, exercising its discretion, awarded fees in a substantially reduced amount. Jacobs contends the trial court abused its discretion in reducing the fees. We disagree and affirm.[1]

FACTS AND PROCEDURAL HISTORY

Jacobs bought a 2018 Honda Accord Sport for $33,324.00. About 16 months after the purchase, Jacobs sued American Honda Motor Co., Inc. (AHM) for damages under the Song-Beverly Act, alleging the car suffered from unspecified, unrepaired defects in violation of express and implied warranties.

With its answer, AHM served a Code of Civil Procedure section 998 offer to compromise (Original Offer). AHM offered to settle by paying Jacobs "the amount to which [he] is legally entitled under Civil Code section 1793.2, [subdivision] (d)(2)(B)" plus "any incidental and consequential damages to which [he] is legally entitled under Civil Code [s]ections 1793.2, [subdivision] (d)(2)(B) and 1794, [subdivision] (b),"

---

[1] In addition to the postjudgment order awarding attorney fees, Jacobs's opening brief references a trial court order vacating the default of DCH Honda of Temecula, a defendant in the underlying case which is not a party in this appeal. That order was not identified in Jacobs's notice of appeal and, in any event, an order vacating a default where no default judgment has been entered is not appealable (see *Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1153–1154). Even if we were to liberally construe the notice of appeal to include the order vacating default, and even assuming for purposes of argument such an order is appealable, Jacobs has forfeited his appeal as to that order because his appellate briefs do not include legal analysis or citations to legal authority supporting any challenge to that order. (See *Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1011.)

subject to proof.  AHM also offered to pay $7,500 in attorney fees or, at Jacobs's election, attorney fees in an amount to be determined by the trial court.  Jacobs did not accept the Original Offer.

Over the next 18 months, AHM made three more offers to settle on the same terms except each increased the amount of proposed attorney fees to $10,000 or, at Jacobs's election, an amount to be determined by the court.  Jacobs accepted the final offer and elected an award of attorney fees in an amount to be determined by the trial court.

Pursuant to the offer, judgment was entered in Jacobs's favor in the amount of $38,751.06.  Jacobs then filed a motion for attorney fees and costs in which he sought $319,138.50 in fees for work performed by The Law Office of Jim O. Whitworth (462.8 hours at $675 per hour for work performed by attorney Jim O. Whitworth plus 40.9 hours at $165 per hour for work performed by Whitworth's paralegal), and $23,530 in fees for work performed by The Law Offices of Timothy F. Fatone (36.2 hours at $650 per hour for work performed by attorney Timothy F. Fatone).

The trial court concluded the requested attorney hourly rates of $675 and $650 were "high for Riverside" and set $450 per hour as the reasonable rate for both counsel.  The trial court also determined the number of hours claimed for work performed by Whitworth was "grossly overinflated," "hopelessly vague," and improperly "block-billed," and reflected an "effort to abuse the fee-shifting statute" of the Song-Beverly Act.  The court awarded fees for legal services performed by Whitworth's law firm in the significantly reduced amount of $5,895.  The trial court did not make any reduction to the number of hours claimed by Fatone.[2]

_____

[2]  Jacobs has not challenged the court's order with regard to the fees awarded for legal services provided by Fatone.

DISCUSSION

In his appellate briefs, Jacobs failed to support his factual assertions with references to the record. Parties are required to support their factual contentions by "citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Jacobs's nearly seven-page statement of facts contains only a single reference to the record (and that reference is to a point immaterial to the appeal). We could reject his claims on that basis alone. (*Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1406 [a court may disregard claims when no reference to the record is furnished].) We have, however, reviewed the record and, for reasons we will explain, reject Jacobs's claims on the merits.

I.

STANDARD OF REVIEW

"An award of attorney fees under the Song-Beverly Act is reviewed for abuse of discretion. [Citation.] The reviewing court presumes that the trial court's award is correct and infers that a request for fees is inflated when the trial court substantially reduces the requested amount. [Citation.] These rules apply because the experienced trial judge is best positioned to evaluate the professional services rendered in his or her courtroom. [Citations.] The trial court's decision must not be disturbed "'unless [the Court of Appeal is] convinced that it is clearly wrong, meaning that it is an abuse of discretion.'" [Citation.] Accordingly, this court's review of an order awarding attorney fees 'must be highly deferential to the views of the trial court.' [Citation.] "'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that [it] shocks the conscience and suggests that passion or prejudice

4

influenced the determination.""" (*Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 246.)

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEY FEES

Under the terms of the settlement, Jacobs was deemed the prevailing party. A prevailing buyer is entitled to recover fees "based on *actual time expended*, determined by the court to have been *reasonably incurred* by the buyer in connection with the commencement and prosecution of such action." (Civ. Code § 1794, subd. (d), italics added.) The prevailing buyer has the burden of showing the hours were actually expended and reasonably incurred. (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 998.)

Part of deciding whether claimed fees are reasonable is determining whether they are based on a reasonable hourly rate. "The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) Generally, "[t]he relevant 'community' is that where the court is located." (*Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal.App.4th 26, 71.) As this case was filed in Riverside County, the reasonable hourly rates are the prevailing rates charged for similar work in Riverside County.

In his declaration filed in support of the motion for attorney fees, Whitworth claimed an hourly rate of $675 which he asserted corresponded to rates charged in California for similar work and experience. Exhibits attached to his declaration included statistical analysis of average hourly rates charged by California consumer law attorneys during 2013–2016, and records showing court-approved hourly rates awarded in unrelated actions in the Los Angeles and Orange County Superior Courts. Jacobs's supporting documentation did not include evidence of the prevailing hourly rates in Riverside County.

The trial court determined Whitworth's claimed hourly rate of $675 was "high for Riverside" and awarded fees at a reduced hourly rate of $450. "'The court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. [Citation.]' [Citation.] 'The courts repeatedly have stated that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus.'" (*Nishiki v. Danko Meredith, P.C.* (2018) 25 Cal.App.5th 883, 898.) Nothing in the record shows the trial court abused its discretion in awarding fees generated by Whitworth at an hourly rate of $450.

In addition to setting a reasonable hourly rate, the trial court must decide whether the claimed hours were actually and reasonably expended. Whether time was reasonably expended depends upon the circumstances of the case and the court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court *must* take this into account and award attorney fees in a lesser amount." (*Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 104, italics added.) Here, after considering the relevant factors, the trial court properly determined most of the fees claimed by Whitworth were either not actually spent or reasonably incurred.

In his declaration, Whitworth stated Jacobs incurred fees based on 462.8 hours for work performed by Whitworth and 40.9 hours for work performed by Whitworth's paralegal. The trial court awarded fees based on only 12 hours of work performed by Whitworth and three hours performed by Whitworth's paralegal. Jacobs argues the trial court erred because it awarded reduced fees based on his failure to accept the Original Offer. While the court properly considered Jacobs's failure to accept the Original Offer and subsequent acceptance of an equivalent offer (*Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, 452 [time spent on services that do

not result in a tangible benefit is not time reasonably spent]), that was only one of several factors relied on by the court, any one of which could have independently supported the court's decision to award significantly reduced fees.

The trial court concluded the hours claimed by Whitworth and his paralegal were improperly block-billed and so "hopelessly vague" as to "make it impossible for the court to determine whether the time spent was reasonable." The trial court explained: "[T]here are multiple entries stating, 'work on file,' and 'exchange [correspondence],' for up to 12.2 hours a day, [and] an entry with the description 'close' for 9.0 hours. Whitworth claims he spent 83 hours after [the] parties settled this action and Plaintiff signed the [Code of Civil Procedure section] 998 offer with vague time entries such as 4.0 hours to '[review correspondence] re judgment,' 7.2 hours for '[correspondence] to wrap up' and 8.0 hours, 5.1 hours, 6.1 hours to 'work on file.'" It is well established "'counsel may not submit a plethora of noncompensable, vague, block-billed attorney time entries and expect particularized, individual deletions as the only consequence.'" (*Guillory v. Hill* (2019) 36 Cal.App.5th 802, 812.) When bad billing practices make it difficult to ascertain if time was reasonably spent, the court may reduce the requested hours or deny them entirely. (*In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695–696.)

Further, the trial court concluded the number of claimed hours appeared "grossly overinflated." The court stated the amount of fees requested was improper for a case that "did not go to trial, did not involve substantial discovery or heavy law and motion practice (other than [AMH's] largely unopposed discovery motions), and should have settled early in the case . . ." Inflation of a fee request is grounds for reduction in or denial of the requested fees. (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 635 ["fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether"]; *Christian Research Institute v. Alnor* (2008)

7

165 Cal.App.4th 1315, 1326 [trial court could reduce 638.6 claimed hours to 71 hours because fee requested was "unreasonably padded, vague, and worthy of little credence"].)

Finally, considering the history of the case and what the trial court found to be vague and inflated billing records, the court determined the requested fees reflected an "effort to abuse the fee-shifting statute" of the Song-Beverly Act.  This finding further justified the trial court's reduction in fees.  "[T]rial courts are not required to identify each charge they find to be reasonable or unreasonable, necessary or unnecessary . . . A reduced award might be fully justified by a general observation that an attorney overlitigated a case."  (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 101.)  We therefore find no abuse of discretion.

## DISPOSITION

The postjudgment order is affirmed.  Respondent shall recover its costs on appeal.


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P.J.


DELANEY, J.

8