[No. C034356. Third Dist. Sept. 25, 2001.]

JOSIE ANDRE, as Trustee, etc., Plaintiff and Respondent, v.
CITY OF WEST SACRAMENTO, Defendant and Appellant.

COUNSEL

Robert J. Williams; Olimpia, Whelan & Lively and Helen E. Williams for Defendant and Appellant.

Boutin, Dentino, Bigson, Di Giusto, Hodell & West, Stephen F. Boutin, Peter M. Williams and Michael E. Chase for Plaintiff and Respondent.

**OPINION**

**HULL, J.**—This case involves a dispute over attorney fees in an inverse condemnation action. Defendant City of West Sacramento (the City) appeals from an order awarding $54,017.33 in attorney fees to plaintiff Josie Andre as trustee of the Josephine De Anda Trust. The City contends there was no evidence that fees in this amount were "actually incurred," as required by

Code of Civil Procedure section 1036 (further undesignated statutory references are to the Code of Civil Procedure).[1] We agree and therefore reverse the court's order.

## FACTS AND PROCEDURAL HISTORY

Plaintiff brought suit against the City and a contractor, alleging several causes of action, including inverse condemnation and negligence. The jury found that the contractor was negligent, but was not acting as the agent of the City; it awarded $32,800 on this cause of action. It also awarded $10,587.50 to compensate plaintiff for the City's taking of her property. Apparently, no appeal was taken from the ensuing judgment.

Plaintiff filed a motion seeking $103,887.50 in attorney fees, plus other costs. Asserting that section 1036 "provides the right to recover reasonable costs and attorneys' fees in an inverse condemnation action," plaintiff submitted declarations outlining her attorneys' hourly rates and the time expended on the case.

The City moved to tax costs, contending in part that section 1036 limited an award of attorney fees to those "actually incurred." The City pointed out that plaintiff had not introduced the agreement between plaintiff and her attorney, or any other evidence to establish how much plaintiff was actually required to pay in attorney fees.

In reply, plaintiff argued that the fees sought were reasonable and necessary to the litigation. She stated she had a contingency fee agreement with her attorney, but that "[t]he terms of the fee agreement are protected by the attorney/client privilege and do not have to be disclosed to defendants."

At the hearing on plaintiff's motion, the court stated: "There is no question that [plaintiff] is entitled to reasonable attorney fees," but questioned how plaintiff had computed the amount requested. The court expressed reservations about a fee request that was many times greater than the verdict against the City.

The City argued that, under section 1036, plaintiff was entitled only to reasonable attorney fees *actually incurred*. Therefore, it asserted, a proper

---

[1]Section 1036 provides in relevant part: "In any inverse condemnation proceeding, the court rendering judgment for the plaintiff by awarding compensation . . . shall determine and award or allow to the plaintiff, as a part of that judgment . . . , a sum that will, in the opinion of the court, reimburse the plaintiff's reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of that proceeding in the trial court or in any appellate proceeding in which the plaintiff prevails on any issue in that proceeding."

fee award would equal the percentage of the $10,587.50 verdict against the City outlined in plaintiff's contingency fee agreement.

The court concluded that the contingency agreement was not the critical factor, and plaintiff was entitled to reasonable attorney fees. In its order, the court disallowed certain items and concluded: "Applying the analysis set forth in *Salton Bay Marina, Inc. v. Imperial Irrigation District* [(1985)] 172 Cal.App.3d 914 [218 Cal.Rptr. 839], the court further finds that the sum of $54,017.33 is a reasonable award for attorney's fees."

The City appeals.[2]

## DISCUSSION

■ The sole question in this appeal is whether an award of attorney fees in the amount of $54,107.33 was proper under section 1036. We conclude it was not.

■ "In interpreting statutory language, we apply well-settled rules, commencing with an examination of the language of the statute itself. [Citation.] If the statute's meaning is without ambiguity, doubt, or uncertainty, the statutory language controls." (*In re York* (1995) 9 Cal.4th 1133, 1142 [40 Cal.Rptr.2d 308, 892 P.2d 804].)

■ As noted, section 1036 provides in relevant part: "In any inverse condemnation proceeding, the court rendering judgment for the plaintiff by awarding compensation . . . shall determine and award or allow to the plaintiff, as a part of that judgment . . . , a sum that will, in the opinion of the court, reimburse the plaintiff's reasonable costs, disbursements, and expenses, *including reasonable attorney, appraisal, and engineering fees, actually incurred* because of that proceeding in the trial court or in any appellate proceeding in which the plaintiff prevails on any issue in that proceeding." (Italics added.)

The City contends the court's fee award must be reversed because there was no evidence that plaintiff actually incurred attorney fees of $54,107.33. We agree.

Plaintiff did not introduce any evidence at trial to establish the amount of attorney fees she was obligated to pay. Instead, plaintiff emphasizes her entitlement to "reasonable" attorney fees. She ignores the statute's second

---

[2]Plaintiff also appealed from this order, but we dismissed this cross-appeal at plaintiff's request in June 2000.

requirement: While the fees must be reasonable, they must also be "actually incurred." If plaintiff did not incur $54,107.33 in attorney fees, she cannot recover that amount, no matter how "reasonable" such an award might be in the abstract.

In arguing otherwise, plaintiff relies on *Salton Bay Marina, Inc. v. Imperial Irrigation Dist., supra,* 172 Cal.App.3d 914 (*Salton Bay Marina*). In that case, the plaintiff entered into a contingency fee agreement for 40 percent of the total damages recovered. (*Id.* at p. 950.) The plaintiff subsequently received a verdict of nearly $7 million, and sought attorney fees of over $4.2 million. (*Id.* at pp. 927, 950-951.) Defense witnesses testified that a reasonable fee would be approximately $750,000. (*Id.* at p. 951.) The court awarded attorney fees of nearly $3 million (*ibid.*), and the defendant appealed.

The Court of Appeal reversed, concluding such an award was unreasonable. (*Salton Bay Marina, supra,* 172 Cal.App.3d at pp. 952-958). Noting that, in inverse condemnation actions, it is the taxpayers who generally pay the bill for attorney fees, the court stated: "The language of . . . section 1036 supports an interpretation attorney fees should be objectively measured. By stating fees must be both reasonable and 'actually incurred,' the Legislature intended to protect the public from both unreasonable fee awards as well as from fee awards that bear no relationship to the amount of attorney time actually incurred in the preparation and trial of the case. This intent is not negated by section 1036's language of reimbursement. Rather, by stating the court should [reimburse plaintiff for reasonable attorney fees], the Legislature instructed the court should award plaintiff actual attorney fees he or she incurred to the extent the fees are reasonable, e.g., to the extent the number of hours actually expended were reasonably necessary and to the extent the hourly rate actually charged was reasonable; both of these being objective measures." (172 Cal.App.3d at pp. 954-955.)

The court further emphasized that, because fees were paid by a public entity and not the client, the court must evaluate the reasonableness of fees actually incurred. (*Salton Bay Marina, supra,* 172 Cal.App.3d at p. 957.) "When the award is paid by the client, the inquiry must focus on any agreement the client bargained for and agreed to. Necessarily, the reasonableness of the agreed upon fees must be viewed in light of the reasonable expectation of the client and the circumstances which existed at the time he executed the agreement. In contrast, when the award is paid by the public entity, the bargaining in reaching a contingency fee agreement is of doubtful value since the bargaining was done by the client and his attorney rather than by the public entity and the bargaining is less likely to be a guarantee of

reasonableness. If the public entity is bound to the contingent fee agreement, then the client lacks incentive to keep the attorney's share reasonable since the attorney's share will neither come out of the client's recovery nor be paid by the client." (*Ibid.*)

The court concluded: "[T]he Legislature contemplated an award of attorney fees based on the amount of time spent on the case and other factors and not based solely on a contingent fee arrangement between attorney and client." (*Salton Bay Marina, supra,* 172 Cal.App.3d at p. 957.) The court therefore reversed the award of attorney fees and remanded for a redetermination of a reasonable award. (*Id.* at pp. 957-958.)

Seizing on language from this opinion, plaintiff argues that the contingency fee agreement is but one factor to be considered in awarding reasonable attorney fees. This ignores the context in which the court's comments were made. In *Salton Bay Marina*, the plaintiff was obligated under the terms of its contingency fee agreement for approximately $4 million in attorney fees. The question before the court was whether this amount, which was "actually incurred," should be awarded, or whether the court should also consider various factors and determine whether such an award was reasonable.

Here, in contrast, plaintiff did not introduce evidence to demonstrate the amount of attorney fees actually incurred. The import of *Salton Bay Marina* is clear. To receive an award of fees under section 1036, the court must first determine what fees were actually incurred. It must then assess whether the fees are reasonable. In other words, the fees actually incurred are a ceiling to any fee award; fees may be reduced because they are unreasonable and pose an unnecessary burden on public funds, but they cannot be increased beyond what was "actually incurred."

Federal courts have reached the same conclusion in cases construing similar federal statutes. For example, in *U.S. v. 122.00 Acres, in Koochiching County, Minn.* (8th Cir. 1988) 856 F.2d 56, the government abandoned a condemnation proceeding after the jury returned a large verdict in favor of the landowner, and the district court subsequently awarded attorney fees of approximately $142,000. (*Id.* at pp. 57-58.) The statute at issue was virtually identical to section 1036, and entitled a landowner to reasonable attorney fees actually incurred. (856 F.2d at p. 58.) The court of appeals noted the contingency fee agreement obligated the landowner to pay attorney fees only if he actually recovered payment for his land. Since the condemnation action was abandoned, the landowner did not actually incur any attorney fees, and the award was therefore reversed. (*Id.* at pp. 58-59.)

Similarly, in *Marre v. U.S.* (5th Cir. 1994) 38 F.3d 823, a statute permitted an award of fees " 'for reasonable litigation costs incurred' " in a tax case. The district court permitted fees in excess of those required by the plaintiff's contingency fee agreement, and the government appealed. (*Id.* at p. 828.) The court of appeals modified this award, concluding the plaintiff was statutorily entitled "only to the amount owed under the contingency fee agreement plus costs, to the extent reasonable." (*Id.* at p. 829.)[3]

Other cases cited by plaintiff are inapposite, as they involve awards of fees under statutes permitting awards of "reasonable attorney fees." Unlike Code of Civil Procedure section 1036, none of these provisions require that fees be "actually incurred." (E.g., *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084 [95 Cal.Rptr.2d 198, 997 P.2d 511] [fees under Civ. Code, § 1717]; *Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629 [71 Cal.Rptr.2d 632] [fees under the private attorney general theory of Code Civ. Proc., § 1021.6 and fair employment provisions of Gov. Code, § 12965, subd. (b)]; *Cortez v. Bootsma* (1994) 27 Cal.App.4th 935 [33 Cal.Rptr.2d 20] [fees under workers' compensation statute, Lab. Code, § 3709]; *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260 [105 Cal.Rptr.2d 674] [fees under the anti-SLAPP suit (strategic lawsuits against public participation) statute, Code Civ. Proc., § 425.16, subd. (c)].)

Plaintiff also relies on *Downen's, Inc. v. City of Hawaiian Gardens Redevelopment Agency* (2001) 86 Cal.App.4th 856 [103 Cal.Rptr.2d 644], a case that is also readily distinguishable. Although *Downen's, Inc.,* involved the fee provisions of section 1036, its focus was not the "actually incurred" language of the statute. Instead, the case centered on whether fees incurred in a proceeding to enforce a judgment obtained in an inverse condemnation were incurred "because of" the inverse condemnation proceeding, as the statute requires. That issue has no bearing on the matter before us.

Under the unambiguous terms of section 1036, plaintiff was entitled to an award of attorney fees only for fees actually incurred, and then only to the

---

[3]Plaintiff argues that section 1036 is derived from a federal statute which was construed in *Shelden v. U.S.* (Fed.Cl. 1998) 41 Fed.Cl. 347 to permit a fee in excess of that required under a contingency fee agreement even though this fee was not "actually incurred." Plaintiff asks that we take judicial notice of legislative material relating to both the federal statute and section 1036.

The City objects, asserting this material is irrelevant. The City also asks that we take judicial notice of the fact that *Shelden* was ordered dismissed by agreement of the parties on March 9, 1998, and the appeal to the Ninth Circuit Court of Appeals was also dismissed the same day.

We grant the City's motion for judicial notice of these developments in *Shelden.* We deny plaintiff's motion for judicial notice of legislative and congressional materials as irrelevant. Because *Shelden* was dismissed it is of no precedential value. Moreover, as that case failed to recognize the distinction between statutes permitting awards of "reasonable attorney fees" and those requiring that fees be "actually incurred," it has no persuasive value.

extent they were reasonable. As there was no evidence presented that plaintiff in fact incurred fees of $54,107.33, the trial court erred in making such an award.

Plaintiff insists that such an interpretation will lead to absurd results. For example, she argues attorneys will be unwilling to take less significant cases, and nonmonetary remedies and settlement possibilities will be ignored. It may be that standard contingency fee agreements are not well suited to all inverse condemnation actions. However, that does not mean the literal language of the statute is "absurd." We reiterate that it is the taxpayers, not the clients, who pay the attorney fees in inverse condemnation cases, and the Legislature can rationally opt to protect the public fisc by limiting these awards to reasonable amounts that were actually incurred. (See *Salton Bay Marina, supra,* 172 Cal.App.3d at p. 957; accord, *Estate of Baum* (1989) 209 Cal.App.3d 744, 752-753 [257 Cal.Rptr. 566].) Any argument to the contrary is best directed to that body, not the courts.

## DISPOSITION

The judgment (order) is reversed, and the matter remanded to the trial court for further proceedings. In considering an award of attorney fees under section 1036, the trial court must determine whether plaintiff actually incurred any attorney fees and, if so, whether the amount incurred was reasonable. The City is awarded its costs on appeal.

Nicholson, Acting P. J., and Morrison, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 3, 2002.