Filed 2/21/17  Certified for Publication 3/13/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NANCIE WALENT,<br><br>　　　Petitioner and Respondent,<br><br>　　　v.<br><br>COMMISSION ON PROFESSIONAL COMPETENCE OF THE LAUSD,<br><br>　　　Respondent;<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>　　　Real Party in Interest and Appellant. | No. B266265<br><br>(Los Angeles County Super. Ct. No. BS149077) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.

Bergman Dacey Goldsmith, Gregory M. Bergman, Michele M. Goldsmith and Jason J. Barbato for Real Party in Interest and Appellant.

Trygstad, Schwab & Trygstad, Shanon Dawn Trygstad and Daniel J. Kolodziej for Petitioner and Respondent.

_____

Appellant Los Angeles Unified School District appeals an award of attorney's fees to Respondent Nancie Walent, after her successful challenge of her dismissal from employment. Although Appellant asserts the trial court erred in its determination of reasonable attorney's fees, we find neither legal error nor an abuse of discretion in the trial court's determination. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

The Los Angeles Unified School District (LAUSD) sought to dismiss Nancie Walent from her employment in 2012. She sought and received a hearing before the Commission on Professional Competence (Commission). In 2013, the Commission ruled in her favor.

Pursuant to the California Education Code, section 44944, subd. (f),[1] Walent sought a writ of mandate to recover her attorney's fees. LAUSD did not dispute her right to recover fees, but argued that those fees were limited to the amounts set forth in Walent's fee agreement with her counsel.

---

[1] All further statutory references, unless otherwise noted, are to the Education Code.

2

After a series of discovery disputes, as to which appellant raises no challenge, both parties filed briefs on the petition. The court considered and ruled on evidentiary objections, and heard argument on June 2, 2015. The court entered judgment on July 7, 2015, and issued the writ of mandate on August 21, 2015. The court determined that a lodestar calculation was the appropriate mechanism to determine the reasonable fees to be recovered *(Ketchum v. Moses* (2001) 24 Cal.4th 1122) *(Ketchum)* and that the rates Walent requested were reasonable market rates. The court overruled LAUSD's objections to specific portions of the rates and costs, and awarded Walent $199,817 plus costs. LAUSD appeals that determination.[2]

## DISCUSSION

The sole issue on appeal is the amount of attorney's fees awarded to Walent. LAUSD asserts that the Education Code limits her recovery to fees actually incurred, which precludes the lodestar analysis performed by the trial court. Walent disputes this interpretation of the statute, and argues the court was required to, and did, make a determination of reasonable fees.

    1.    Standard of Review

On appeal from a judgment granted on a writ of mandate, we review the trial court's factual findings for substantial evidence, and conduct a de novo review of its legal rulings. *(Kavanaugh v. West Sonoma County Union High School Dist.*

---

[2] Because of the limited issue on appeal, we will not summarize the dismissal proceedings and the determination by the Commission.

3

(2003) 29 Cal.4th 911, 916.)  (See also *Morgan v. City of Los Angeles Bd. of Pension Comrs.* (2000) 85 Cal.App.4th 836, 843 [writ petition involving the interpretation of statutes and regulations is subject to de novo review]; *Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1057 ["[W]e are not bound by the trial court's determination of questions of law but may make our own independent determinations."].)

In this case, there are no disputed factual issues relevant to the question on appeal, and we review the legal issues concerning the statutory requirements de novo.

As to the amount of the award, where attorney's fees are at issue, we review a trial court's determination of reasonable attorney's fees for abuse of discretion; because an "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is truly wrong."  (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)

2.     The Trial Court Correctly Determined The Fee Award

A. The Retainer Agreement

Walent entered a retainer agreement with her counsel. Neither party submitted the retainer agreement to the trial court, but the court was able to determine its relevant provisions from the record before it.  Both parties agreed that the agreement provided for a contingent fee; Walent's lawyers would be entitled to fees only if Walent prevailed before the Commission and LAUSD became obligated to pay.  Walent also presented evidence that the rates to which she agreed were the law firm's prevailing

4

hourly rates, subject to periodic adjustments; the initial rates were $365 per hour for partner time and $295 per hour for associate time.  The court relied on this undisputed evidence.[3]

## B. The Statutory Language

The relevant statute is section 44944(f)(2), which provides: "If the Commission on Professional Competence determines that the employee should not be dismissed or suspended, the governing board of the school district shall pay the expenses of the hearing, including the cost of the administrative law judge, any costs incurred under paragraphs (2) and (3) of subdivision (e), the reasonable expenses, as determined by the administrative law judge, of the member selected by the governing board of the school district and the member selected by the employee, including, but not limited to, payments or obligations incurred for travel, meals, and lodging, the cost of the substitute or substitutes, if any, for the member selected by the governing board of the school district and the member selected by the employee, and reasonable attorney's fees incurred by the employee."

Cases interpreting this statute are consistent in holding that the language "reasonable attorney's fees incurred by the employee" does not require that the employee actually pay, or become obligated to personally pay, the fees at issue.  (See e.g., *Russell v. Thermalito Union School Dist.* (1981) 115 Cal.App.3d 880, 883-884 [teacher's fees paid under union defense plan were incurred because the teacher was liable for or subject to the fees;

---

[3]    Walent did not seek, and the trial court did not award, a multiplier.

5

"[t]he ultimate source of the funds utilized to pay the attorney for a successful aggrieved employee is immaterial."]; *Board of Education v. Commission on Professional Competence* (1980) 102 Cal.App.3d 555, 564-565 (*Sunnyvale*)[same].)

### C. The Statute Does Not Preclude the Use of a Lodestar Calculation

LAUSD nonetheless maintains that the statute at issue here prohibits the trial court from awarding any amount other than the product of the agreed hourly rate and the reasonable hours expended.[4] It argues that, unlike other statute based fees, the lodestar calculation, long accepted in California jurisprudence, is legally barred. We disagree.

### 1. The Lodestar Applies Absent A Statutory Exception

In *Ketchum*, the California Supreme Court held that the lodestar adjustment method, approved for the determination of attorney's fees in California since *Serrano v. Priest* (1977) 20 Cal.3d 25, applied to the determination of fees in a motion under

---

[4] The law is clear that actual payment is not a requirement to be eligible to recover fees. In *Lolley v. Campbell* (2002) 28 Cal.4th 367, the Supreme Court determined that Labor Code, section 98.2, requiring an unsuccessful appellant to pay the "reasonable attorney's fees incurred by the other parties to the appeal", allowed recovery of fees by an indigent party who had been represented by the Labor Commissioner and who paid no fees at all. (*Id.* at pp. 372-373.) LAUSD concedes that the use of the term "incur" does not require the party to be personally liable for payment, but argues Walent was never obligated to pay the fees used as the basis of the award because they were higher than the amount set forth in the agreement.

Code of Civil Procedure, section 425.16. *Serrano* had described the lodestar as the "touchstone" figure, based on the hours spent and the reasonable compensation of the attorneys, using prevailing hourly rates and making appropriate adjustments to "fix a fee at the fair market value for the particular action." (*Ketchum, supra,* 24 Cal.4th at pp. 1131-1132.)

*Ketchum* was a contingency case, as is this one. The Court explained that in such a case, the reasonable compensation may in fact be larger than in one in which the lawyers are entitled to be paid regardless of the outcome, to balance the incentives to bring important cases with the incentives in fee-for-service cases. (*Ketchum, supra,* 24 Cal.4th at p. 1134; see also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294-1295; *PLCM v. Drexler* (2000) 22 Cal.4th 1084, 1095.) Reviewing a variety of attorney's fees statutes in which use of the lodestar was approved, the *Ketchum* court concluded that the legislature intended the lodestar calculation should be used, except in limited situations where the legislature had expressly indicated it should not. (*Ketchum, supra,* 24 Cal.4th at p. 1135.)

> ### 2. The Legislature Did Not Make An Exemption In This Statute

LAUSD asserts that the statutory language here indicates that this statute contains such an exception, interpreting the statutory requirement that the fees be incurred as imposing a cap on those fees that limits the recoverable fees to the amount actually incurred. The language chosen by the Legislature in the Education Code, however, does not include the word "actually", an omission which is legally significant.

7

The two primary cases relied on by LAUSD demonstrate the inclusion of the word "actual" by the Legislature is meaningful. The first, *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, arose from fees sought under the Song-Beverly Consumer Warranty Act, Civil Code, and section 1790 et seq. There, the relevant statutory provision allowed for attorney's fees "based on actual time expended." (*Nightingale supra,* 31 Cal.App.4th at p. 103.) The party's agreement with counsel set an hourly rate, which counsel did not increase during the representation; the court agreed that, under those circumstances, the recoverable fees could not be calculated using rates higher than those actually billed, applied to hours that did not exceed those actually extended. That notwithstanding, the court explained that had the fee agreement been a contingent agreement, a prevailing party would be entitled to reasonable fees for time reasonably expended. (*Id.* at p. 105, fn. 6.)[5]

LAUSD also relies on *Andre v. City of West Sacramento* (2001) 92 Cal.App.4th 532. That case arose out of an inverse condemnation proceeding, and involved a statutory provision that limited recovery to fees "actually" incurred (Code of Civ. Proc., § 1036), the language missing from the Education Code provision at issue here. Plaintiff in that case argued she should be awarded reasonable attorney's fees, rather than those actually incurred. In denying that relief, the court distinguished other statutory provisions on the basis that they did not use the term "actually incurred," but referred instead to "reasonable attorney's fees." (*Andre, supra,* 92 Cal.App.4th at pp. 537-538.) (See also *Avenida San Juan Partnership v. City Of San Clemente* (2011)

---

[5]     LAUSD neither acknowledges nor addresses the impact of this distinction.

8

201 Cal.App.4th 1256, 1282-1283 [interpreting a statute requiring fees to be actually incurred to prohibit use of a multiplier in determining fee award].)

In essence, LAUSD seeks to impose on the statute a requirement that the Legislature did not by importing the word "actually" into the language.  This is not an interpretation we can properly reach.

"'We begin with the fundamental rule that our primary task is to determine the lawmakers' intent.' [Citation.]  'In construing statutes, we aim "to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law."' (*Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1396-1397; see *Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.)

In so doing, we look to the language of the statute; "we may not broaden or narrow the scope of the provision by reading into it language that does not appear in it or reading out of it language that does.  "Our office . . .  'is simply to ascertain and declare' what is in the relevant statutes, 'not to insert what has been omitted, or to omit what has been inserted.'" (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 573, [71 Cal.Rptr.2d 731, 950 P.2d 1086].)  "'[A] court . . .  may not rewrite the statute to conform to an assumed intention which does not appear from its language.'" (*In re Hoddinott* (1996) 12 Cal.4th 992, 1002, [50 Cal.Rptr.2d 706, 911 P.2d 1381].)  (*Doe v. City of Los Angeles*, (2007) 42 Cal.4th 531, 545.)

When the Legislature chose not to include in this attorney's fees provision the language it used in the provisions interpreted in *Nightingale* and *Andre*, it made a choice that it, and it alone, was empowered to make.  We cannot overturn that choice by

9

inserting the language the Legislature omitted, and we will not do so. The trial court properly interpreted the Code to require the award of reasonable fees, using a method of interpretation long accepted for these purposes in California. It did not err in doing so.

## DISPOSITION

The judgment is affirmed. Walent is to recover her costs on appeal, as well as her reasonable attorney's fees on appeal in an amount to be determined by the trial court.

ZELON, J.

We concur:

PERLUSS, P. J.

KEENY, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/13/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NANCIE WALENT, | No. B266265 |
| Petitioner and Respondent, | (Los Angeles County Super. Ct. No. BS149077) |
| v. | |
| COMMISSION ON PROFESSIONAL COMPETENCE OF THE LAUSD, | **ORDER CERTIFIYING OPINION FOR PUBLICATION** |
| Respondent; | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Real Party in Interest and Appellant. | |

THE COURT:

The opinion in this case filed February 21, 2017 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court,

rule 8.1105(c), and the requests by petitioner and certain non-parties pursuant to California Rules of Court, rule 8.1120(a) for publication are granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____

PERLUSS, P. J.,         ZELON, J.,         KEENY, J. (Assigned)

2