Filed 4/26/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JERALD GLAVIANO, | |
| Plaintiff and Appellant, | C077743 |
| v. | (Super. Ct. No. 34-2013-80001662CUWMGDS) |
| SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Allen Sumner, Judge.  Reversed with directions.

Langenkamp, Curtis & Price, Andrea Price; Altshuler Berzon, Michael Rubin and Peder J. Thoreen for Plaintiff and Appellant.

Lozano Smith, Sloan R. Simmons and Gabriela D. Flowers for Defendant and Respondent.

Atkinson, Andelson, Loya, Ruud & Romo, David A. Soldani, Jennifer D. Cantrell; Keith J. Bray and Joshua R. Daniels for California School Boards Association's Education Legal Alliance as Amicus Curiae on behalf of Defendant and Respondent.

1

After Jerald Glaviano interceded in a confrontation between two of his students, the Sacramento City Unified School District (the District) placed him on unpaid leave and issued an accusation and a notice of intent to dismiss or suspend him without pay. Following a hearing, the Commission on Professional Competence (Commission) dismissed the accusation and ordered the District to reinstate Glaviano to his former position with back pay and benefits.

Education Code section 44944[1] provides that if the Commission determines an employee should not be dismissed or suspended, the governing board of the school district shall pay "reasonable attorney's fees incurred by the employee." Glaviano requested fees based on the prevailing hourly rate for similar work in the community, but the trial court concluded the fee award must be based on the reduced hourly rate Glaviano's counsel actually charged. Because Glaviano stood by his assertion that the actual rate charged is irrelevant and privileged, the trial court denied his request for attorney's fees.

The issue presented on appeal is whether the phrase "reasonable attorney's fees incurred by the employee" in section 44944 necessarily limits a fee award to fees actually charged. We conclude it does not. In determining the reasonable fees to which Glaviano is entitled, the trial court should apply the lodestar method: the reasonable hours spent, multiplied by the prevailing hourly rate for similar work in the community. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132 (*Ketchum*); *Meister v. Regents of Univ. of California* (1998) 67 Cal.App.4th 437, 446, 449; see *Serrano v. Priest* (1977) 20 Cal.3d 25, 48-49 (*Serrano III*).)

Accordingly, we will reverse the trial court's order.

---

[1] Undesignated statutory references are to the Education Code.

## BACKGROUND

Langenkamp, Curtis & Price, LLP (Langenkamp) represented Glaviano during the District's investigation and at the hearing before the Commission under a modified contingent fee agreement. The California Teacher's Association (CTA) paid Langenkamp a partial advance on Langenkamp's fees to represent Glaviano because he was a member of CTA. Langenkamp continued to represent Glaviano after the partial advance was exhausted, charging CTA a reduced hourly rate.

After the Commission dismissed the accusation and ordered the District to reinstate Glaviano with back pay and benefits, Glaviano filed a petition for writ of mandate and motion for attorney's fees, ultimately requesting $156,213.50 in attorney's fees pursuant to section 44944. The motion for fees was based on the lodestar method; Langenkamp submitted billing records showing the number of hours worked, redacted descriptions of the work performed, and Langenkamp's usual hourly rates rather than the reduced rates actually charged CTA. Langenkamp declared that its usual hourly rates reflected the prevailing rates in the community. The District opposed Glaviano's fee motion, arguing among other things that section 44944 fees must be limited to reasonable fees actually incurred and may not be increased even if the fees charged are below market value.

The trial court determined Glaviano was entitled to a fee award under section 44944 and that the number of hours billed by Langenkamp was reasonable. Turning to the hourly rate, the trial court said section 44944 authorizes an award for reasonable attorney's fees "incurred," and Glaviano's recovery must be limited to the hourly rate he was actually charged, relying on *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99 (*Nightingale*) and *Andre v. City of West Sacramento* (2001) 92 Cal.App.4th 532 (*Andre*). According to the trial court, the lodestar method does not apply to the hourly rate, but even if the lodestar method did apply, the trial court would find the usual hourly rates charged by Langenkamp to be reasonable and then adjust the

3

amount because Langenkamp agreed to accept a reduced rate. When Glaviano refused to disclose the actual rate charged, maintaining the information was privileged under Business and Professions Code section 6149 and irrelevant to a determination under section 44944, the trial court denied his request for attorney's fees.

STANDARD OF REVIEW

We review de novo a trial court's decision on a petition for writ of mandate where, as here, the appellant challenges the trial court's interpretation of a statute. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) Well-settled rules guide our task. " 'We begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining such intent "[t]he court turns first to the words [of the statute] for the answer." [Citation.] We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.] "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." [Citation.]' " (*Fontana Unified School Dist. v. Burman* (1988) 45 Cal.3d 208, 218 (*Fontana*).) Conversely, we may not add words to a statute. (Code Civ. Proc., § 1858; *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827.) " '[W]e may not broaden or narrow the scope of the provision by reading into it language that does not appear in it or reading out of it language that does. "Our office . . . 'is simply to ascertain and declare' what is in the relevant statutes, 'not to insert what has been omitted, or to omit what has been inserted.' " [Citation.]' [Citation.]" (*Walent v. Commission on Professional Competence* (2017) 9 Cal.App.5th 745, 752 (*Walent*).) We may consider how similar language in other statutes has been interpreted. (See, e.g., *People v. Piper* (1986) 42 Cal.3d 471, 476; *People v. Maciel* (1985) 169 Cal.App.3d 273, 278; see also *People v. Woodhead* (1987) 43 Cal.3d 1002, 1008 [where the words of the statute do not provide a definitive answer, we may look to other statutes which apply to similar or analogous subjects].)

4

DISCUSSION

At the time of the trial court's decision, section 44944, subdivision (e)(2) provided, "If the Commission on Professional Competence determines that the employee should not be dismissed or suspended, the governing board shall pay . . . reasonable attorney's fees incurred by the employee."[2] (Stats. 2006, ch. 538, § 107.) Glaviano contends "reasonable attorney's fees incurred by the employee" means market rate fees calculated under the lodestar method. The District counters that the lodestar method is inapplicable and "reasonable attorney's fees incurred by the employee" means the fees actually paid by, or charged to, the employee.

Except as provided by statute or agreement, each party to a lawsuit must ordinarily pay his or her own attorney's fees. (Code Civ. Proc., § 1021; *Trope v. Katz* (1995) 11 Cal.4th 274, 278-279.) In statutory fee-shifting cases, in which the prevailing party is statutorily authorized to recover his or her attorney's fees from the losing party, the lodestar method is the primary method for establishing the amount of recoverable fees. (*Lealao v. Beneficial California, Inc.* (2000) 82 Cal.App.4th 19, 26; 1 Pearl, Cal. Attorney Fee Awards (3d ed. 2017) § 8.3, p. 8-5.) Under the lodestar method, the trial court must first determine the lodestar figure -- the reasonable hours spent multiplied by the reasonable hourly rate -- based on a careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case. (*Ketchum, supra,* 24 Cal.4th at pp. 1131-1133.)

The reasonable hourly rate is that prevailing for private attorneys in the community conducting non-contingent litigation of the same type. (*Ketchum, supra,*

---

[2] The statute was amended, effective January 1, 2015, and the provision in subdivision (e)(2) was moved to (f)(2) with changes not pertinent here. (Stats. 2014, ch. 55, § 15.) The statute was amended again effective January 1, 2016, but the language of subdivision (f)(2) was not changed. (Stats. 2015, ch. 303, § 89.)

5

24 Cal.4th at p. 1133; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*).)  The prevailing hourly rates apply " ' "regardless of whether the attorneys claiming fees charge[d] nothing for their services, charge[d] at below-market or discounted rates, represent[ed] the client on a straight contingent fee basis, or are in-house counsel.  [Citation.]" [Citation.]' " (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 701 (*Syers*); see 2 Pearl, Cal. Attorney Fee Awards (3d ed. 2017) § 9.94, pp. 9-88 to 9-90.)

After determining the lodestar, the trial court may adjust the lodestar figure based on factors including, but not limited to (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) success or failure, (4) the extent to which the nature of the litigation precluded other employment by the attorneys, (5) the contingent nature of the fee award, (6) that an award against the state would ultimately fall upon the taxpayers, (7) that the attorneys in question received public and charitable funding for the purpose of bringing law suits of the character here involved, and (8) that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed.  (*Ketchum, supra,* 24 Cal.4th at p. 1132; *PLCM, supra*, 22 Cal.4th at p. 1096; *Serrano III, supra,* 20 Cal.3d at p. 49.) The lodestar adjustment method "anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." (*PLCM, supra,* 22 Cal.4th at p. 1095.)

The District argues the lodestar method is inapplicable here because section 44944 is a "pure reimbursement statute" providing for the payment of expenses of the hearing, including reasonable attorney's fees incurred.  We disagree with the District's reading of the statute.  Former section 44944, subdivision (e)(2) did not use the words "reimburse" or "reimbursement" in relation to a fee award, and did not say the expenses of the hearing included attorney's fees.  Rather, it provided:  "If the Commission on Professional Competence determines that the employee should not be dismissed or suspended, the

6

governing board shall pay the expenses of the hearing, including the cost of the administrative law judge, any costs incurred under paragraph (2) of subdivision (d), the reasonable expenses, as determined by the administrative law judge, of the member selected by the governing board and the member selected by the employee, including, but not limited to, payments or obligations incurred for travel, meals, and lodging, the cost of the substitute or substitutes, if any, for the member selected by the governing board and the member selected by the employee, and reasonable attorney's fees incurred by the employee." (Stats. 2006, ch. 538, § 107.) A careful reading of the statute shows it provided for the payment of the expenses of the hearing *and* reasonable attorney's fees incurred by the employee. (Cf. Code Civ. Proc., § 1036 [limiting recovery to "reasonable costs, disbursements, and expenses, including reasonable attorney . . . fees, actually incurred"].) Moreover, the legislative history material submitted by the District, of which we take judicial notice (Evid. Code, §§ 452, subds. (a), (c), 459, subd. (a); *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc*. (2005) 133 Cal.App.4th 26, 31-42), does not establish that the Legislature only intended to reimburse employees for fees actually charged.

The District also contends the word "incurred" in section 44944 refers to attorney's fees that an employee actually becomes liable to pay "and in the actual amount paid." But the weight of authority guides us to a different conclusion.

While they did not address the precise issue presented in this case, the Courts of Appeal in *Forker v. Board of Trustees* (1984) 160 Cal.App.3d 13 (*Forker*), *Russell v. Thermalito Union School Dist*. (1981) 115 Cal.App.3d 880 (*Russell*) and *Board of Education v. Commission on Professional Competence* (1980) 102 Cal.App.3d 555 (*Sunnyvale*) interpreted the phrase "reasonable attorney fees incurred by the employee" in section 44944 to authorize a fee award even where the employee did not actually pay any fees. (*Forker, supra,* 160 Cal.App.3d at p. 21; *Russell, supra,* 115 Cal.App.3d at pp. 882-885; *Sunnyvale, supra,* 102 Cal.App.3d at pp. 563-565.) Contrary to the District's

7

argument, *Sunnyvale* and *Russell* did not say section 44944 only authorizes a "reimbursement" of attorney's fees actually incurred.

The court in *Sunnyvale* said the purpose of section 44944 is "to enable a teacher to protect his or her job and to 'make whole' the successful litigant. Normally, to effectively defend against a notice of intention to dismiss, legal counsel must be employed and the client must make provision to pay for the services rendered. One thereby incurs an obligation and is liable for its discharge. The ultimate source of the funds utilized to pay the attorney for a successful aggrieved employee is immaterial. It is of no essential consequence whether the employee paid from his [or her] own available funds or his [or her] family, friends, benefactor, insurance company, or teachers' association came to his [or her] rescue." (*Sunnyvale, supra,* 102 Cal.App.3d at p. 564.) The court added, "It would be wrong to permit [a school district] to . . . avoid payment because the teacher had the foresight to provide himself [or herself] with 'future' legal counsel through payment of dues to the [CTA]." (*Id.* at p. 564.) Accordingly, courts have held that a teacher incurred attorney's fees within the meaning of section 44944 even if the teacher was not personally liable for the fees. (*Forker, supra,* 160 Cal.App.3d at p. 21; *Russell, supra,* 115 Cal.App.3d at pp. 882-885; *Sunnyvale, supra,* 102 Cal.App.3d at pp. 563-565.)

In addition, although the lodestar method is not the only approach for calculating fees and is not required for every fee-shifting statute, the Legislature appears to have endorsed the lodestar method except in limited situations where the Legislature has expressly indicated that method is not appropriate. (*Ketchum, supra,* 24 Cal.4th at p. 1135-1136.) *Ketchum* referenced Code of Civil Procedure section 1021.5 as an example of a statute containing an express restriction. (*Ketchum*, at p. 1135, fn. 1.) That statute provides, in pertinent part, "Attorney's fees awarded to a public entity pursuant to this section shall not be increased or decreased by a multiplier based upon extrinsic circumstances, as discussed in *Serrano v. Priest*, 20 Cal.3d 25, 49." (Code Civ. Proc.,

8

§ 1021.5.)  Following *Ketchum*, Courts of Appeal have applied the lodestar method to fee-shifting statutes where the Legislature has not clearly indicated that such method is inappropriate.  (*Syers, supra,* 226 Cal.App.4th at pp. 694, 698-703 [Civ. Code, § 1717]; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997-998 [Song-Beverly Consumer Warranty Act (Civ. Code, § 1794)]; *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 817-821 (*Robertson*) [same].)

"When legislation has been judicially construed and subsequent statutes on a similar subject use identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears."  (*Ketchum, supra,* 24 Cal.4th at pp. 1135-1136.)  Accordingly, we consider cases construing fee-shifting statutes that reference "incurred" attorney's fees.

In *PLCM*, the California Supreme Court used the lodestar method to calculate fees under a statute referring to attorney's fees incurred.  (*PLCM, supra,* 22 Cal.4th at pp. 1095-1096.)  Civil Code section 1717, subdivision (a), the statute at issue in *PLCM*, provides, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶]  Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit."  The parties' contract provided for an award of attorneys' fees and costs incurred in bringing the action.  (*PLCM, supra*, 22 Cal.4th at pp. 1088-1089.)  But the parties did not agree to any particular method for calculating fees and did not agree that a cost-plus method must be applied or that the lodestar method was not reasonable.  (*PLCM, supra,* 22 Cal.4th at p. 1097, fn. 5.)  The Supreme Court ruled the trial court was not required to use a cost-plus approach "based on a precise calculation of the actual salary, costs, and overhead of in-house counsel" to determine the amount of fees

9

incurred.  (*Id.* at pp. 1096-1097; see *id*. at p. 1097, fn. 5; see also *Syers, supra,* 226 Cal.App.4th at pp. 700-703; *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641, 650-652.)

Federal Courts of Appeals have also considered the lodestar method in connection with fee-shifting statutes using the word "incurred," and they have not limited the fees to those actually incurred.  (See discussion in *Raney v. Federal Bureau of Prisons* (Fed. Cir. 2000) 222 F.3d 927, 934.)

Additionally, courts construing attorney's fee statutes containing the phrase "attorney's fees incurred" have awarded reasonable fees even where the client was not obligated to pay any fee.  (*Lolley v. Campbell* (2002) 28 Cal.4th 367, 370-371 [trial court may assess attorney's fees under Labor Code section 98.2, subdivision (c) even though the employee was represented without charge]; *Do v. Superior Court* (2003) 109 Cal.App.4th 1210, 2112, 1218 [a defendant represented by attorney without charge can obtain reasonable value of legal services rendered under what is now Code of Civil Procedure section 2023.030].)

Finally, the recent holding in *Walent, supra,* 9 Cal.App.5th 745 is directly on point.  We granted the District's request for leave to file a supplemental brief addressing *Walent* and we received supplemental letter briefs from the parties.  In *Walent* the Second District Court of Appeal addressed whether a fee award pursuant to section 44944 was limited to the hourly rate established in the employee's agreement with her attorneys or whether the employee could recover fees based on a reasonable market hourly rate. (*Walent, supra*, 9 Cal.App.5th at pp. 750-752.)  The court cited *Ketchum, supra,* 24 Cal.4th 1122, for the proposition that the Legislature endorsed the lodestar method for calculating fees except in limited situations where the Legislature has expressly indicated the lodestar method is not appropriate.  (*Walent*, at p. 750.)  The court held in *Walent* that because section 44944 uses the word "incurred" rather than the words "actually

10

incurred," section 44944 does not expressly foreclose the lodestar method. (*Walent*, at pp. 751-752.)

We agree with the result in *Walent, supra*, 9 Cal.App.5th 745. Section 44944 does not prescribe how "reasonable attorney's fees incurred" are to be calculated and the Legislature did not limit recoverable fees to those set forth in an employee's attorney's fee agreement or at the hourly rate charged by the attorney. Under these circumstances, and consistent with caselaw, we presume the Legislature intended the courts to use the lodestar method to calculate fees. (*Ketchum, supra,* 24 Cal.4th at pp. 1134-1136, 1139 [statute that provides for recovery of "his or her attorney's fees" is not limited to "actual" expenses]; see 2 Pearl, Cal. Attorney Fee Awards (3d ed. 2017) § 9.94, p. 9-85 [lodestar method and market rates apply to statutes that provide for the losing party to pay attorney's fees incurred].) Accordingly, the lodestar method should be used in this case.

The trial court acknowledged the presumption in favor of the lodestar method, but said that because section 44944 refers to attorney's fees incurred, the hourly rate at which Langenkamp may be compensated was limited to the hourly rate actually charged. Although the trial court's conclusion was based on *Nightingale, supra,* 31 Cal.App.4th 99, and *Andre, supra,* 92 Cal.App.4th 532, those cases do not require the result reached by the trial court.

*Nightingale* involved an award of fees pursuant to Civil Code section 1794, subdivision (d), but the court in that case noted its holding did not apply to contingent fee agreements. The court said in a contingent fee situation, it is appropriate to award reasonable attorney's fees for time reasonably expended by the attorney. (*Nightingale, supra*, 31 Cal.App.4th at p. 105, fn. 6.) Here, Glaviano and Langenkamp had a modified contingent fee arrangement under which Glaviano's counsel expected to be paid at market rate if Glaviano prevailed. (See *Robertson, supra,* 144 Cal.App.4th at pp. 817-819 [distinguishing *Nightingale* and using the lodestar method to calculate attorney's fees

11

in a case involving a fee request under Civil Code section 1794, subdivision (d) and a contingency fee arrangement].)

But there is another reason why the holding in *Nightingale, supra*, 31 Cal.App.4th 94 is not dispositive. *Nightingale* was decided before the California Supreme Court issued its decisions in *PLCM* and *Ketchum*. As we have explained, in *PLCM* the California Supreme Court concluded the word "incurred" in a contract providing for fees does not require a fee award based on a precise calculation of the actual salary, costs and overhead of counsel. (*PLCM, supra*, 22 Cal.4th at p. 1097 & fn. 5.) And in *Ketchum* the California Supreme Court held that unless a fee-shifting statute indicates otherwise, courts should presume the Legislature intended use of the lodestar method to calculate fees. (*Ketchum, supra*, 24 Cal.4th at pp. 1135-1136.) *Ketchum* further noted that *Serrano III, supra*, 20 Cal.3d 25 approved the use of prevailing hourly rates as a basis for the lodestar figure. (*Ketchum*, at p. 1132.)

The decision in *Andre, supra*, 92 Cal.App.4th 532 is also inapposite. *Andre* involved an award of attorney's fees pursuant to Code of Civil Procedure section 1036, which includes the words "reimburse" and "actually incurred." In that context, this court held the plaintiff was only entitled to fees actually incurred, and then only to the extent the fees were reasonable. (*Andre, supra,* 92 Cal.App.4th at pp. 538-539.)

Although it may be debatable whether adding the word "actually" before the word "incurred" materially alters the meaning of the phrase "reasonable attorney's fees incurred," case precedent has determined that the use of the word "actually" is dispositive (*Walent, supra*, 9 Cal.App.5th at pp. 751-752; *Andre, supra,* 92 Cal.App.4th at pp. 538-539), and the word "actually" is not present in section 44944. But perhaps more importantly for our purposes, the weight of authority establishes that the word "incurred," without more, does not express the Legislature's intent to overcome the presumption favoring the lodestar method.

12

The District further claims *Fontana, supra*, 45 Cal.3d 208 supports the proposition that section 44944 only authorizes an award of fees actually incurred. We disagree. *Fontana* involved a teacher who successfully challenged her employer's decision to dismiss her; the trial court awarded $1,500 in costs and fees pursuant to Government Code section 800, but on appeal the employee argued she was entitled to demonstrate a greater amount of costs and fees actually incurred. (*Fontana, supra,* 45 Cal.3d at pp. 215, 224-225.) The Supreme Court concluded the employee was entitled to request reasonable fees, but it did not hold that a fee award should be limited to fees actually incurred, and it was not required to decide whether the lodestar method should be used. (*Id.* at p. 225, fn. 18.)

The District says permitting an employee to recover fees under the lodestar method would make teacher dismissals more expensive and undermine the ability of school districts to terminate incompetent teachers or teachers who engage in misconduct. Likewise, Amicus curiae cites the significant cost of teacher dismissal proceedings. Such cost concerns may be valid, but they should be directed to the Legislature.

Based on the foregoing authority, the trial court must use the lodestar method on remand to calculate the fee award. (*Ketchum, supra*, 24 Cal.4th at pp. 1135-1136; *PLCM, supra*, 22 Cal.4th at pp. 1095-1097 & fn. 5.) Although the attorney's fee agreement is relevant and may be considered, the agreement does not compel any particular award. (*PLCM, supra*, 22 Cal.4th at p. 1096; accord *Chacon v. Litke* (2010) 181 Cal.App.4th 1234, 1258, 1260; *Hayward v. Ventura Volvo* (2003) 108 Cal.App.4th 509, 513; *People ex rel. Dept. of Transportation v. Yuki* (1995) 31 Cal.App.4th 1754, 1770-1771; see also *USW v. Ret. Income Plan For Hourly-Rated Employees of ASARCO, Inc.* (9th Cir. 2008) 512 F.3d 555, 564.)

13

DISPOSITION

The trial court's order is reversed, and the matter is remanded for further proceedings consistent with this opinion.  Glaviano shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

/S/
MAURO, J.

We concur:

/S/
BUTZ, Acting P. J.

/S/
HOCH, J.

14