Filed 8/27/21  Wiles v. McClure CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK WILES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KIM J. MCCLURE, Individually and as Trustee, etc.,<br><br>        Defendant and Appellant. | A161165<br><br>(Alameda County<br>Super. Ct. No. RG19011899) |

The trial court awarded defendant Kim J. McClure $2,671.50 in attorney fees as the prevailing party in a retaliatory eviction action (Civ. Code, § 1942.5, subd. (i)) filed by plaintiff Mark Wiles.[1]  McClure appeals.  He contends the court erred by awarding him only a fraction of the attorney fees he requested.

We disagree and affirm.

## BACKGROUND

We recite only those facts necessary to resolve the issue on appeal and disregard factual assertions in the parties' briefs that are unsupported by

---

[1] Undesignated statutory references are to the Civil Code.  Section 1942.5, subdivision (i) provides that in "any action brought for damages for retaliatory eviction, the court shall award reasonable attorney's fees to the prevailing party if either party requests attorney's fees upon the initiation of the action."

1

record citations.  (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1267.)

## A.

Wiles is intellectually and physically disabled.  He cannot work.  His only source of income is government assistance.

In 2002, with the assistance of a federal housing subsidy, Wiles rented an apartment in a building owned by McClure.  In 2018, McClure filed an unlawful detainer action against Wiles.  A short time later, the parties settled.  They signed a stipulation for entry of judgment or dismissal (2018 stipulation) providing that with "*the exception of the rights set forth herein, the parties waive any and all other rights arising from this tenancy*."  (Italics added.)

The following year, Wiles filed a lawsuit against McClure.  The complaint alleged claims arising out of Wiles's tenancy, including a cause of action for retaliatory eviction.  Wiles requested attorney fees.  After answering the complaint and conducting discovery, McClure moved for summary judgment on the grounds that the waiver provision in the 2018 stipulation barred the lawsuit.  The court agreed.  It granted the summary judgment motion, then entered judgment for McClure.

## B.

McClure initially moved for $26,715 in attorney fees pursuant to section 1942.5, subdivision (i).[2]  In a supporting declaration, counsel for McClure averred four attorneys and four paralegals spent more than 70 hours defending the lawsuit.  The attorneys' hourly rates ranged from $300 to

---

[2] McClure sought additional attorney fees to prepare the reply, bringing his total attorney fee request to $29,915.

$800; the paralegals billed $175 per hour. Counsel's declaration attached an itemized billing statement.

Wiles opposed the motion. He argued the fees requested were unreasonable for several reasons. First, Wiles claimed McClure unreasonably litigated the case through summary judgment rather than demurring to the complaint. According to Wiles, a demurrer premised on the waiver in the 2018 stipulation would have been successful, at a cost of no more than "a few thousand dollars." Next, Wiles asserted the fees incurred to prepare the summary judgment motion were excessive in light of the numerous typographical errors in the motion. Third, Wiles claimed McClure's counsel "padded its billing" by responding to discovery requests on the day the court granted the summary judgment motion. (Emphasis omitted.)

Finally, Wiles contended his indigency militated in favor of reducing the fee request. In a supporting declaration, counsel for Wiles averred Wiles is disabled, unable to work, and dependent on government assistance for income. Counsel provided the trial court with a copy of Wiles's fee waiver (Gov. Code, § 68634).

At the conclusion of a hearing, the court partially granted the motion. It deemed McClure the prevailing party under section 1942.5 but concluded the amount of fees requested was not reasonable. The court noted McClure could have demurred to the complaint based on the waiver in the 2018 stipulation rather than litigating the case through summary judgment. Additionally, the court pointed to Wiles's indigency and observed that an attorney fee award should not subject the losing party to financial ruin. Under these "circumstances, and in light of [Wiles's] indigency status," the

3

court determined an attorney fee award of $2,671.50—10 percent of the initial amount requested in the moving papers—was "reasonable."

## DISCUSSION

Section 1942.5, subdivision (i) "provides for an award of 'reasonable attorney's fees to the prevailing party' in 'any action brought for damages for retaliatory eviction,' where . . . attorney fees are requested upon initiation of the action." (*Morrison v. Vineyard Creek L.P.* (2011) 193 Cal.App.4th 1254, 1267.)  Here, it is undisputed Wiles requested attorney fees upon filing the retaliatory eviction lawsuit and that McClure is the prevailing party.  Thus, the only issue on appeal is the amount of fees awarded.

"In statutory fee-shifting cases, in which the prevailing party is statutorily authorized to recover his or her attorney's fees from the losing party, the lodestar method is the primary method for establishing the amount of recoverable fees." (*Glaviano v. Sacramento City Unified School Dist.* (2018) 22 Cal.App.5th 744, 750–751.)  Under the lodestar method, the trial court determines the reasonable hours spent and multiplies that number by the reasonable hourly rate.  (*Id.* at p. 751.)  The court may adjust the lodestar figure based on factors such as "the novelty and difficulty of the questions involved" and "the skill displayed in presenting them." (*Ibid.*; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)  And where—as here—a statute requires the fee award to be reasonable, the court may consider "the financial circumstances of the losing party and the impact of the award on that party." (*Garcia v. Santana* (2009) 174 Cal.App.4th 464, 476–477 (*Garcia*).)  This consideration reflects the principle that an attorney fee award should not subject the losing party to " 'financial ruin.' " (*Id.* at p. 475.)

4

A trial court has wide discretion in setting the amount of an attorney fee award. An " ' " 'experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " [Citations.] For this reason "[o]ur review of the amount of attorney fees awarded is deferential." [Citations.] We apply an abuse of discretion standard. [Citation.] Fees approved by the trial court are presumed to be reasonable, and the objectors must show error in the award.' " (*Lofton v. Wells Fargo Home Mortgage* (2018) 27 Cal.App.5th 1001, 1018; *Garcia, supra*, 174 Cal.App.4th at p. 469.)

McClure suggests the court's failure to make specific findings regarding the reasonableness of the rates claimed and hours worked requires reversal. We disagree. When awarding attorney fees, a trial court is not required to issue a statement of decision, nor justify its decision with specific findings. (*Ketchum v. Moses, supra*, 24 Cal.4th at p. 1140.) We "cannot reverse an attorney fee award solely for lack of an explanation by the trial court. We can reverse only if the record contains some indication that the trial court considered improper factors or did, indeed, simply snatch its award 'from thin air.' " (*Save Our Uniquely Rural Community Environment v. County of San Bernardino* (2015) 235 Cal.App.4th 1179, 1189–1190 (*Save Our Uniquely Rural*) [trial court's failure to "state the lodestar amount or explain how it arrived at the amount awarded" did not justify reversal].)

Here, the court did not consider impermissible factors when fixing the amount of attorney fees. (*Save Our Uniquely Rural, supra*, 235 Cal.App.4th at p. 1190.) Instead, the court considered a factor McClure acknowledges was proper: Wiles's indigence, which was undisputed. (*Garcia, supra*, 174 Cal.App.4th at p. 477.) Wiles is disabled, unable to work, and dependent on

5

government assistance.  Under the circumstances, the court could reasonably infer that Wiles would be unable to pay an attorney fee award of nearly $30,000 "without financial ruin."  (*Ibid*.)  "[L]itigation costs are not intended to be used . . . to deter persons from asserting their rights at the cost of their ability to provide for the necessities of life."  (*Id.* at p. 472.)  That McClure has apparently disclaimed an intention to collect the fees from Wiles does not diminish the relevance of Wiles's indigence, nor warrant an increase in the attorney fee award.[3]  (*Garcia*, at p. 467 [impact of attorney fee award on losing party was relevant even where prevailing party acknowledged it "might be unable to collect any amount" of fees awarded].)

McClure claims the attorney fee award must be reversed because the "only" justification for the award is Wiles's indigence.  According to McClure, the "trial court failed to follow the dictates of" *Garcia, supra*, 174 Cal.App.4th 464.  In *Garcia*, the trial court denied a prevailing party's request for attorney fees based on the plaintiff's indigence.  (*Id.* at p. 468.)  *Garcia* held the trial court properly considered the plaintiff's financial situation and the impact that an attorney fee award would have on her ability to provide for life's necessities.  (*Id.* at pp. 476–477.)  But *Garcia* reversed because the lower court failed to "clearly consider all of the other circumstances in setting the amount of fees."  (*Id.* at p. 477.)  As a result, the appellate court was unable to determine whether the lower court had "exercised its discretion to balance all of the relevant factors against each other, or whether the determination

---

[3] McClure asserts—without evidentiary support—that he intends to collect attorney fees not from Wiles but from Wiles's attorney, and he points to a trio of cases standing for the proposition that an attorney who pursues a civil action without reasonable cause may be liable for malicious prosecution.  Those cases have no bearing here.  This is not a malicious prosecution action.  McClure sought an award of attorney fees against Wiles, not his attorney, who is not a party to this lawsuit.

6

that the amount to be assessed was zero was the result of such a balance." (*Ibid.*)

In contrast to *Garcia*, the record before us supports an inference that in declining to award the full amount of fees McClure requested, the court considered and balanced the relevant factors, including the lack of complexity of the questions involved and the amount of time an attorney might reasonably expect to spend litigating them. When fixing the amount of fees, the court noted McClure could have demurred to the complaint on the grounds that it was barred by the waiver provision in the 2018 stipulation, but that instead of doing so, McClure answered the complaint and conducted discovery before filing a summary judgment motion. Thus, the court impliedly—and reasonably—concluded all but a small fraction of the fees McClure incurred were unnecessary. (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 991 [no abuse of discretion in denying attorney fee request where trial court "reasonably could and presumably did conclude" the attorney fee request "was grossly inflated"].) Because the record here supports an inference that the court balanced the relevant factors in reaching its decision, *Garcia* does not compel reversal.

Reviewing the fee award in a deferential light, we conclude McClure has failed to establish the trial court abused its discretion in awarding him attorney fees of $2,671.50.

## DISPOSITION

The order is affirmed. Wiles is entitled to recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

7

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Chou, J.*


A161165/*Wiles v. McClure*

_____

    * Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.