The Honorable DOLLY M. GEE, UNITED STATES DISTRICT JUDGE
I.
BACKGROUND
On October 2, 2018, the jury rendered a verdict awarding Plaintiff Abraham Forouzan $25,058.79. [Doc. # 129.] On October 12, 2018, Forouzan filed an application to the Clerk to tax costs against Defendant BMW of North America, LLC ("BMW") in the amount of $41,089.23. [Doc. # 133.] On January 28, 2019, the Clerk issued a Bill of Costs in the amount of $19,953.99. [Doc. # 159.] The Clerk subtracted $3,942.80 for court reporter's transcripts because they are "not taxable pursuant to L.R. 53-3.4 unless approved by the court or stipulated by counsel in writing before the cost is incurred." Id. The Clerk also subtracted $4,766.94 because "expediting fees and expert fees are not taxable pursuant to L.R. 54-3.5." Id. Lastly, the Clerk subtracted $12,410.50 because "expert fees, mediation fees, and fees for filing and serving pleadings [are] not within the scope of taxable other costs pursuant to L.R. 54-3.212." Id.
On February 4, 2019, Plaintiff filed a Motion to Retax Costs pursuant to Local Rule 54-8. [Doc. #160 ("Mot.").] The matter is fully briefed. [Doc. ## 161 ("Opp."), 162 ("Reply").] For the following reasons, the Court GRANTS Plaintiff's Motion to Retax Costs.
II.
LEGAL STANDARD
According to Federal Rule of Civil Procedure ("FCRP") 54(d), "[u]nless a federal statute, [the FRCP], or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The prevailing party is the party in whose favor judgment is rendered. C.D. Cal. L.R. 54-1. Under this District's Local Rules, "costs incurred in state court before removal that are recoverable under state statutes" are also taxable as costs. C.D. Cal. L.R. 54-3.13.
*1186 On a motion to retax costs, the Court reviews the Clerk's taxation of costs de novo. Rivera v. NIBCO , 701 F. Supp. 2d 1135, 1137 (E.D. Cal. 2010). The review is limited to the record before the Clerk and encompasses only those items specifically identified in the motion. C.D. Cal. L.R. 54-8. While there is a "presumption in favor of awarding costs to a prevailing party," the district court has "discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. California , 231 F.3d 572, 591 (9th Cir. 2000) (en banc ); Escriba v. Foster Poultry Farms, Inc. , 743 F.3d 1236, 1249 (9th Cir. 2014) (district courts are afforded significant "flexibility in evaluating the suitability of awarding costs in a particular case.").
III.
DISCUSSION
Plaintiff argues that the Court should permit him to recover certain expenses that the Clerk disallowed because the Song-Beverly Act's costs provision, rather than FRCP 54 and Local Rule 54, applies here. Mot. at 1. Defendant, on the other hand, argues that federal procedural law governs the taxation of costs in diversity cases, even if the underlying dispute arises under the Song-Beverly Act. Opp. at 5.
The Song-Beverly Act's costs provision, California Civil Code section 1794(d), states that:
If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses , including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.
Cal. Civ. Code § 1794(d) (emphasis added). This provision is broader than the Local Rules and FRCP 54 because it permits prevailing parties to recover "expenses" as well as "costs." Karapetian v. Kia Motors Am., Inc. , 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013) (citing Nightingale v. Hyundai Motor Am. , 31 Cal. App. 4th 99, 104, 37 Cal.Rptr.2d 149 (1994) ). Furthermore, California courts have "repeatedly expressed ... the need to construe the Song-Beverly Act so as to implement the legislative intent to expand consumer protection and remedies." Daniel v. Ford Motor Co. , 806 F.3d 1217, 1223 (9th Cir. 2015) (citing Mexia v. Rinker Boat Co. , 174 Cal. App. 4th 1297, 1311, 95 Cal.Rptr.3d 285 (2009) ).
A. California Law Governs the Recovery of Costs and Expenses in this Case
It is well established that "[a] federal court follows federal procedural law and, where it applies, state substantive law." Kohlrautz v. Oilmen Participation Corp. , 441 F.3d 827, 830 (9th Cir. 2006). The recovery of prevailing party "costs in federal district court" is generally considered a question of procedure, and "is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." Champion Produce, Inc. v. Ruby Robinson Co., Inc. , 342 F.3d 1016, 1022 (9th Cir. 2003). Nonetheless, Plaintiff claims that Clausen v. M/V NEW CARISSA , 339 F.3d 1049 (9th Cir. 2003), requires the Court to apply section 1794(d) to the costs inquiry. The Court agrees- Clausen requires a departure from the general rule in this case.
In Clausen , the Ninth Circuit held that the Oregon Oil Spill Act's costs provision was substantive in nature and affirmed the district court's decision to award costs under Oregon, rather than federal, law. Id. at 1064-66. The Oregon statute awarded a prevailing plaintiff "costs of any kind," including expenses like expert witness *1187 fees, "as one element of its compensatory damages" recovery. Id. at 1064 (emphasis removed). The court reasoned that the Oregon Legislature's decision to craft a statute that included costs and expenses as a part of a prevailing plaintiff's damages was an "express indication" of the Legislature's " 'special interest in providing litigants' with full compensation for reasonable sums expended in pursuit of an Oil Spill Act claim." Id. at 1065 (citing Chevalier v. Reliance Ins. Co. of Ill. , 953 F.2d 877, 886 (5th Cir. 1992) ).[1] The court also noted that following state legislative intent in awarding costs to prevailing plaintiffs is consistent with federal practice in other circuits. See id. (citing Freeman v. Package Machinery Co. , 865 F.2d 1331, 1347-48 (1st Cir. 1988) (Massachusetts cost-shifting provision "constitutes part of the substantive remedy created by state law" and as such, trumps federal law) and Bright v. Land O'Lakes, Inc. , 844 F.2d 436, 443-44 (7th Cir.1988) (despite "the general rule ... that the prevailing party can only recover amounts prescribed" by federal law, because the Wisconsin law at issue authorized "fee shifting of actual costs to a prevailing plaintiff," Wisconsin law applied).
The California Legislature has demonstrated a similar "special interest" in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under section 1794. As the California Court of Appeal has noted:
The Legislature added the "costs and expenses" language to section 1794 in 1978. (Stats. 1978, ch. 991, § 10, p. 3065.) An analysis by the Assembly Committee on Labor, Employment, and Consumer Affairs states: "Indigent consumers are often discouraged from seeking legal redress due to court costs. The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshal's fees, etc., should open the litigation process to everyone." ... The legislative history indicates the Legislature exercised its power to permit the recovery of expert witness fees by prevailing buyers under the Act....
Jensen v. BMW of N. Am., Inc. , 35 Cal. App. 4th 112, 138, 41 Cal.Rptr.2d 295 (1995), as modified on denial of reh'g (June 22, 1995) (citing Assem. Com. on Labor, Employment & Consumer Affairs, Analysis of Assem. Bill No. 3374 (May 24, 1978) p. 2.)); see also Robertson v. Fleetwood Travel Trailers of California, Inc. , 144 Cal. App. 4th 785, 817, 50 Cal.Rptr.3d 731 (2006) ("By permitting prevailing buyers to recover ... costs and expenses, our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible.").
*1188 Since Clausen requires that such an express legislative intent as reflected in section 1794(d) be upheld as substantive law, the Court shall apply section 1794(d) instead of FRCP 54. Defendant cites three cases in support of the opposite conclusion, but none is persuasive. First, it cites Garcia v. FCA US LLC , 2018 WL 1184949, at *8 (E.D. Cal. Mar. 7, 2018), and Hall v. FCA US LLC , 2018 WL 2298431, at *8 (E.D. Cal. May 21, 2018), as examples of Song-Beverly cases in which the court applied federal law in analyzing which costs were recoverable. Opp. at 6-8. But these cases do not discuss Clausen or its reasoning whatsoever.
Second, Defendant cites Drumm v. Morningstar, Inc. , 695 F. Supp. 2d 1014, 1026-27 (N.D. Cal. 2010), which does analyze Clausen , for the proposition that state statutes that do not include costs as an "element of damages" must yield to federal procedural law in diversity cases. Opp. at 9. Drumm dealt with the recovery of costs under California Labor Code section 218.5, which "simply requires a court to award reasonable attorney's fees and costs to the prevailing party" (as opposed to the Oregon Oil Spill Act, which included costs as an element of damages). Drumm , 695 F. Supp. 2d at 1027. The statutes' damages provisions are different, but Drumm did not discuss whether the California Legislature has expressly indicated prevailing parties under the California Labor Code should receive "full compensation for reasonable sums expended in pursuit of" those claims. Clausen , 339 F.3d at 1065. California's Legislature has expressed that intent with respect to the Song-Beverly Act. Drumm 's analysis of how Clausen interacts with another statute without such a clear legislative intent to expand the availability of costs and expenses, therefore, is not persuasive here. The Court concludes that section 1794 controls Plaintiff's recovery of costs in this case.
B. What Costs and Expenses are Recoverable Under Section 1794(d)
Plaintiff argues that, under section 1794(d), he should recover expenses related to the following items, which the Clerk subtracted from the Bill of Costs: (1) court reporter's transcripts, (2) "expert and expedited transcripts," and (3) "other expenses," including expert fees, mediation fees, and fees for "filing and serving pleadings." Mot. at 8-9.
While the Clerk correctly concluded that Local Rule 54-3.4 prohibits recovery for court reporter's transcripts without a court order to that effect, California law provides that prevailing plaintiffs can recover those expenses under section 1794(d). See Warren v. Kia Motors Am., Inc. , 30 Cal. App. 5th 24, 43, 241 Cal.Rptr.3d 263 (2018). The Warren court also determined that the plaintiff reasonably incurred the cost of obtaining the court reporter's transcripts because not doing so would have put the plaintiff at a disadvantage down the road. Id. Plaintiff may therefore recover the $3,947.80 that the Clerk excluded under the "Reporter's transcripts" line of the Bill of Costs, which includes the $463 for transcripts associated with a pre-removal status conference in state court.[2]
According to the California Court of Appeal, the Legislature also explicitly envisioned that expert witness fees and filing fees would be recoverable under section 1794(d). Jensen , 35 Cal. App. 4th at 138, 41 Cal.Rptr.2d 295. Fees relating to filing court documents and developing and presenting expert opinions at trial are also *1189 reasonably incurred. Given that the Legislature's intent in including the costs and expenses provision was to "open the litigation process to everyone" by allowing prevailing plaintiffs to litigate without bearing their own costs, section 1794 also likely anticipated allowing plaintiffs to recover for mediation fees and expert fees. See id. Moreover, Defendant makes no argument as to why Plaintiff may not recover those expenses under California law-it argues only that the Court should disregard California law entirely because federal law controls.
While the reasonableness of incurring mediation and expert fees during this litigation is self-evident, the same cannot be said for incurring fees for expedited transcripts. Since Plaintiff has not justified the reasonableness of those fees, the Court shall not disturb the Clerk's decision not to award expenses for expedited transcripts. Based on a review of Plaintiff's submissions, however, it is not entirely clear to the Court what percentage of the $4,766.94 that the Clerk "disallowed" for "expert and expedited transcripts" pertains to which category of expense. The Court shall therefore permit Plaintiff to recover half of that amount, or $2,383.47. Plaintiff shall also recover the $12,410.50 that the Clerk subtracted for expert fees, mediation fees, and fees for filing and serving pleadings.
IV.
CONCLUSION
In light of the foregoing, the Court GRANTS Plaintiff's Motion to Retax Costs. Plaintiff shall recover from Defendant $18,751.77-the full amount that the Clerk disallowed minus $2,383.47 associated with expedited transcripts. Plaintiff shall also recover the $19,953.99 that the Clerk initially taxed, for total costs and expenses in the amount of $38,705.76.
IT IS SO ORDERED.

The Clausen court also reasoned that the costs recovery analysis under the Oil Spill Act was a question of substantive law because the statute defined damages to include "costs of any kind," and because measuring damages is traditionally a question of state substantive law. Id. at 1065-66 (citing Barbier v. Shearson Lehman Hutton Inc. , 948 F.2d 117, 122 (2d Cir. 1991) ). That rationale does not apply here, however, because the Song-Beverly Act does not require courts to award costs as a subset of damages. Rather, it permits prevailing buyers to recover costs and expenses as a part of their overall "judgment," a term that section 1794 uses separately from "damages." Compare Cal. Civ. Code § 1794(b) ("The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) ....) (emphasis added) with Cal. Civ. Code § 1794(d) ("If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses ....) (emphasis added).

Indeed, the $463 would have been recoverable under Local Rule 54-3.13 as well. C.D. Cal. L.R. 54-13 ("Costs incurred in state court before removal that are recoverable under state statutes shall be recoverable by the prevailing party in this court.").